UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**In re:**

**GENEREX BIOTECHNOLOGY CORP,**    Case No. 22-bk-13166-PDR
                                   Chapter 7
    **Debtor.**
_____/

**MOTION FOR APPOINTMENT OF INTERIM TRUSTEE**

Avem Medical, L.L.C., f/k/a MediSource Partners, LLC ("Avem"), Pantheon Medical – Foot & Ankle, LLC ("Pantheon") and Travis Bird ("Bird") (collectively, "Movants")[1], move for entry of an order directing the United States Trustee to appoint an interim trustee to take possession of property of the estate of the Debtor, Generex Biotechnology Corp. ("Generex") and states in support:

**INTRODUCTION**

On April 11, 2022, at the request of a judgment creditor in a 2018 case pending in the U.S. District Court for the Southern District of New York, the court appointed a receiver for the putative debtor, Generex. As discussed more fully below, the receiver was charged with, among other things, collecting and liquidating the assets of Generex for the benefit of all of its creditors. While the New York action was pending, Movants filed suit against Generex in the Broward County, Florida Circuit Court seeking damages and specific performance. Movants obtained a judgment against Generex on April 6, 2022 for a combined amount in excess of $6 million. In connection with the New York action, the judgment creditor there learned that another creditor of Generex filed a UCC financing statement in Delaware on January 25, 2022.[2] As a result, the New York

---

[1] Movants filed their joinder in the involuntary petition on May 12, 2022 – ECF Doc. 8.
[2] Generex is a Delaware corporation although its principal place of business is Miramar, Florida.

judgment creditor together with four other creditors filed an involuntary chapter 7 petition against Generex in this court on April 23, 2022. Movants joined in that petition on May 12, 2022 (ECF-8). Movants now seek appointment of an interim trustee pursuant to 11 U.S.C. §303(g) because (a) the New York court determined that appointing a receiver was appropriate to protect the interests of the creditors of Generex and (b) the receiver appointed by the New York court is prohibited by operation of the Bankruptcy Code from taking any affirmative action on behalf of the creditors of Generex or the Generex estate pending entry of an order for relief.

## I. BACKGROUND

*The Business of Generex*

As of June, 2021, Generex described itself as:

> Generex is an integrated healthcare holding company with end-to-end solutions for patient centric care from rapid diagnosis through delivery of personalized therapies. In addition to advancing a legacy portfolio of immune-oncology assets, medical devices, and diagnostics, the Company is focused on an acquisition strategy of strategic businesses that complement existing assets and provide immediate sources of revenue and working capital.[3]

Based on the 10-Q filing, Generex appears to have pursued a business model of acquiring the assets of or ownership interests in other businesses in the healthcare arena including pharmacy related businesses, wound care, surgical implants and devices although its financial prospects had significantly dimmed by the spring of 2021.

*The New York Litigation Involving Generex*

On December 11, 2018, petitioning creditor Three Brothers Trading, LLC d/b/a Alternative Execution Group ("AEXG") obtained an arbitration award against Generex and then filed an action seeking confirmation of that award in the United States District Court for the Southern District of

---

[3] See, Page 10—Generex Form 10-Q for quarterly period ended on April 30, 2021
https://sec.report/Document/0001607062-21-000171/gnbt043021form10q.htm

New York ("New York Action").[4] Generex opposed confirmation of the arbitration award for many months. Eventually, judgment was entered against Generex on April 9, 2021 for damages of $3.3 million, attorney fees and expenses totaling $592,049.92 and $698,153.42 in prejudgment interest ("New York Judgment"). On November 8, 2021, AEXG filed a motion seeking appointment of a receiver in the New York Action "with broad powers to liquidate assets for the satisfaction of [the New York Judgment] or in the alternative to satisfy the claims of all of Generex's *bona fide* creditors…".[5] Ultimately, on February 22, 2022, the New York court entered an order granting the motion for appointment of a receiver. A subsequent order was entered on April 11, 2022 appointing Ryniker Consultants, LLC as receiver of all property of Generex.[6]

While AEXG was pursuing appointment of a receiver, Oasis Capital, LLC—ostensibly claiming it was the only secured creditor of Generex—notified the court in the New York action of concerns it had regarding the appointment of a receiver. Eventually, Oasis Capital formally sought to intervene in the New York Action by motion filed on March 28, 2022.[7] That motion was granted on April 11, 2022. On April 14, 2022, Oasis Capital filed an intervenor complaint in the New York Action seeking declaratory relief with regard to the effect of the receiver order on its status as a secured creditor of Generex. The intervenor complaint describes secured loans made by Oasis Capital to Generex in February and July, 2021 but also notes that its UCC financing statement was not filed until 2022.[8]

---

[4] See, *Three Brothers Trading, LLC d/b/a Alternative Execution Group v. Generex Biotechnology Corp.*, Civil Action No. 18 Civ. 11585 (KPF).
[5] See, NY ECF 123.
[6] See NY ECF Nos. 135 and 159.
[7] See NY ECF No. 146.
[8] Further research reflects that the Oasis Capital UCC financing statement was filed with the Delaware Secretary of State on January 25, 2022.

*The Florida Litigation Involving Generex*

On September 23, 2020, Movants filed suit against Generex in the Broward County, Florida Circuit Court seeking damages for breach of contract and specific performance ("Florida Action").[9] Generex defended the claims against it in the Florida Action for some time but in January, 2022, counsel for Generex sought leave to withdraw as counsel. That request was granted on February 2, 2022 and Generex was initially given 30 days to obtain new counsel. Generex was then given additional time to secure counsel but with notice from the court that its failure to do so would result in the striking of its pleadings. Generex ultimately failed to obtain counsel. The Florida court then struck Generex's pleadings and entered a judicial default for failure to secure counsel and failure to comply with court orders. Thereafter, the Florida court entered judgments against Generex and NuGenerex and in favor of Movants on April 6, 2022 in a combined amount exceeding $6,000,000.[10]

*The Involuntary Chapter 7 Petition*

On April 23, 2022, Three Brothers together with four other creditors filed this involuntary chapter 7 case against Generex.[11] The involuntary petition and summons were served on Generex via first class U.S. Mail on May 2, 2022. The petition is properly brought in this court because Generex' principal place of business is in Miramar, Florida.

II.   **APPOINTMENT OF AN INTERIM TRUSTEE IS JUSTIFIED TO PRESERVE PROPERTY OF THE ESTATE OR TO PREVENT LOSS TO THE ESTATE**

Section 303(g) of the Bankruptcy Code states, in part, as follows:

---

[9] Case styled: *Avem Medical, L.L.C., f/k/a MediSource Partners, LLC, Pantheon Medical – Foot & Ankle, LLC, and Travis Bird v. Generex Biotechnology Corporation and NuGenerex Distribution Solutions, LLC*, Broward County Case No. CACE 20-015691. NuGenerex Distribution Solutions, LLC, an affiliate of Generex ("NuGenerex"), was also named as a defendant in the Florida Action.
[10] A copy of the Florida judgment is attached as an exhibit to Movants' Election to Join Involuntary Chapter 7 Petition - ECF Doc. 8.
[11] The other original petitioning creditors are GS Capital Partners, LLC, BHP Capital NY, Inc., Beijing Youfeng Biological Technology Co., Ltd. and Bedford Capital Group, LLC. See, ECF Doc. 1.

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor.

This statute provides a mechanism for the court in an involuntary case to direct that the U.S Trustee appoint a fiduciary who will be charged with taking possession of the property of the estate and operating any business of the debtor until an order for relief is entered. Notably, the statute permits a "party in interest"—not just a creditor—to seek appointment of an interim trustee upon a showing that such appointment is "necessary to preserve the property of the estate" or "to prevent loss to the estate".[12]

Movants submit that there is a high likelihood this Court will enter an order for relief on the involuntary petition. As among the Movants and the five initial petitioning creditors, four of such creditors hold money judgments against Generex for amounts that total in excess of $10,000,000.00. As such, there is practically no likelihood that the claims of at least those four judgment creditors will be found to be subject to bona fide dispute as to liability or amount thereby meeting the requirements of Section 303(b)(1). In turn, while it is likely that the requirements of Section 303(h)(1) will also be met in this case, the appointment of a receiver by the New York court (who was given control over *all* of the property of the debtor) within 120 days of the filing

---

[12] Some of the handful of cases that deal with appointment of an interim trustee under Section 303(g) have developed an extra-statutory requirement that appointment of an interim trustee requires the movant to show there will be "irreparable harm" or "substantial loss" to the estate during the gap period without such appointment. See, *In re Reed*, 11 B.R. 755 (Bankr.S.D.W.Va. 1981); *In re Levin*, 2011 WL 1469004, at *2 (Bankr.S.D.Fla. April 15, 1993); *In re Diamondhead Casino Corp.*, 540 B.R. 499, 505 (Bankr.D.Del. 2015). Section 303(g) contains no such heightened proof requirements though.

of the involuntary petition results in the lack of any dispute concerning compliance with the provisions of Section 303(h)(2).

The need for an interim trustee is premised on the grounds submitted by AEXG to the New York Court.[13] In summary, the Alter Declaration outlines a history during the several months following entry of the New York Judgment when AEXG sought to obtain financial information from Generex and make suitable payment arrangements for its judgment. By way of example, paragraphs 10-12 of the Alter Declaration note that, beginning on June 30, 2021, Generex produced financial information purporting to account for its assets and liabilities yet one week later, it supplemented its June 30 production by increasing the debts Generex owed to insiders. On July 15, 2021, Generex's independent auditor provided information that excluded some $25 million owed to subsidiaries and $82 million owed to a trust controlled by Generex's CEO—information that was not disclosed in the June 30 production. As noted in the continuing recitations of the Alter Declaration, Generex, through its CEO—Joseph Moscato—regularly threatened that patents owned by Generex would expire and the company would soon "go dark".[14] However, as noted in the Alter Declaration, Generex may well own assets having significant value including a 90% ownership interest in NuGenerex-Immuno-Oncology, Inc. ("NIO") (with NIO having a valuation of over $500 million) and ownership interests in other companies or intellectual property assets with values of as much as $168 million.[15] Ultimately, the New York court's evaluation of the Alter Declaration and the arguments submitted by AEXG resulted in the court appointing a receiver with the broadest powers imaginable so as to attempt to preserve the assets of Generex and preclude further asset transfers by Generex. Unfortunately, the advent of the Oasis Capital

---

[13] See, Declaration of Richard Alter in support of motion for receiver (NY-ECF No. 124 with Exhibits)("Alter Declaration").
[14] Alter Declaration, at ¶ 17.
[15] Alter Declaration, at ¶34.

UCC filing triggered a Hobson's choice for AEXG (and the other unsecured creditors of Generex including Movant): rely on the powers of the receiver to lock down the Generex assets or file the involuntary petition to preserve the ability to avoid the Oasis UCC filing under Section 547(c).

Accordingly, Movants submit that the record before the New York court fully substantiates the grounds necessary for appointment of an interim trustee in that (i) there is at least a prima facie case that Generex has assets that need to be preserved and (ii) less than one year ago, Generex was dissipating its cash and other assets while being fully aware of its debt to AEXG (and that Movants were actively litigating their claims against Generex in the Florida court).[16]

### III. APPOINTMENT OF AN INTERIM TRUSTEE SERVES AS THE MORE EFFECTIVE MEANS TO PROTECT CREDITORS GIVEN THE INABILITY OF THE RECEIVER AS A CUSTODIAN UNDER THE BANKRUPTCY CODE TO PROVIDE SUCH PROTECTIONS

Section 543(a) of the Bankruptcy Code precludes the receiver, as a "custodian", from taking any action with respect to property of the debtor or property of the estate "except such action as is necessary to preserve such property." In turn, Section 543(b)(1) requires the receiver to "deliver to the trustee property of the debtor held by or transferred to such custodian." The turnover obligations of Section 543(b)(1) may be excused by the Court pursuant to Section 543(d)(1) "if the interests of creditors…would be better served by permitting a custodian to continue in possession, custody or control of" property of the debtor or property of the estate. However, even where a custodian's turnover obligations are excused under Section 543(d)(1), the custodian's authority and powers are significantly constrained by Section 543(b) and his ability to do much of anything is subject to Section 543(c)(1) and (2). Ultimately, however, even a receiver excused from turnover under Section 543(d)(1) cannot morph into a trustee and Section 105(b) effectively

---

[16] Movants are separately requesting that this Court take judicial notice of certain filings in the New York Action.

prohibits any such transition. *Matter of Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr.S.D.Ga. 1992).

## IV. CONCLUSION

The record in the New York Action provides ample evidence of the need for an interim trustee in this case pending entry of an order for relief as the New York court found it appropriate to dispossess Generex of its assets and appoint a receiver for the benefit of creditors. Accordingly, this case differs from many cases where a receiver is appointed at the request of a secured creditor to protect the collateral of that creditor. Insomuch as the New York court found sufficient cause to appoint a receiver and charged that receiver with control of the Generex assets in order to benefit creditors, this Court should rely on the record presented in the New York Action and appoint an interim receiver.

WHEREFORE, Movants request that this Court enter an order directing the U.S. Trustee to appoint an interim trustee for Generex pursuant to Section 303(e) of the Bankruptcy Code and for such other relief as is appropriate.

Date: May 18, 2022

Respectfully Submitted,

SHUMAKER, LOOP & KENDRICK, LLP
Post Office Box 49948
Sarasota, Florida 34230-6948
941-364-2747 / 941-364-3999 facsimile
*Attorneys for Movants*

By: */s/ Mark D. Hildreth*
    Mark D. Hildreth
    Florida Bar No. 454893
    mhildreth@shumaker.com

*Certificate of Service and Service List on following page*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 18, 2022, a true and correct copy of the foregoing Motion for Appointment of Interim Trustee was filed and served on all parties via the Court's Electronic Notice for Registrants or via U.S. Mail on the Service List below.

By: */s/ Mark D. Hildreth*
Mark D. Hildreth
Florida Bar No. 454893
mhildreth@shumaker.com

## SERVICE LIST

**Parties Served Via First Class Mail:**
Generex Biotechnology Corp
10102 USA Today Way
Miramar, FL 33025