**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| GENEREX BIOTECHNOLOGY CORP, | Case No. 22-13166-PDR |
| Debtor. _____/ | |

## NOTICE OF FILING

Marc P. Barmat, Chapter 7 Trustee, by and through his undersigned counsel, hereby gives notice of filing of the Settlement and Equity Purchase Agreement attached as **Exhibit 1** ("Settlement Agreement") which was executed late yesterday. Today, the Trustee will be filing a motion to approve the Settlement Agreement pursuant to Bankruptcy Rule 9019, in which Trustee will request a hearing date to approve the terms on a preliminary basis on or before January 12, 2023, and a final hearing on or before January 26, 2023.

Dated: January 4, 2023

Respectfully submitted,

By: */s/ Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Tel: 561-653-5000 / Fax: 561-659-6316

-and-

Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700 / Fax: 954-463-2224
*Counsel for the Trustee*

68060983;1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties listed below that are registered to receive electronic notices of filing in this case.

                                     */s/ Amanda Klopp*
                                     Amanda Klopp, Esq.

**22-13166-PDR Notice will be electronically mailed to:**

Marc P Barmat
barmat.trustee@furrcohen.com, mpb@trustesolutions.net

Eyal Berger, Esq. on behalf of Trustee Marc P Barmat
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Mark D. Hildreth, Esq on behalf of Creditor AVEM Medical, L.L.C., f/k/a MediSource Partners, LLC
mhildreth@shumaker.com, skerrigan@shumaker.com

Mark D. Hildreth, Esq on behalf of Creditor Pantheon Medical - Foot & Ankle, LLC
mhildreth@shumaker.com, skerrigan@shumaker.com

Mark D. Hildreth, Esq on behalf of Creditor Travis Bird
mhildreth@shumaker.com, skerrigan@shumaker.com

Zachary P Hyman on behalf of Petitioning Creditor Three Brothers Trading, LLC d/b/a Alternative Execution Group
zach@millenniallaw.com,
jessica@millenniallaw.com;assistant@millenniallaw.com;millenniallawforms@gmail.com

Amanda Klopp on behalf of Trustee Marc P Barmat
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Andrew V Layden on behalf of Interested Party Bio & Med Tech Fund of the Future SPV2 LP
alayden@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Michael D Lessne on behalf of Creditor Andrew Ro
michael@lessne.law

Michael D Lessne on behalf of Interested Party Bio & Med Tech Fund of the Future SPV2 LP

michael@lessne.law

Glenn D Moses, Esq on behalf of Creditor Anthony Crisci
gmoses@gjb-law.com,
gjbecf@venable.com;cscavone@venable.com;vlambdin@venable.com;gjbecf@ecf.courtdrive.com;imalcolm@venable.com;ipmalcolm@venable.com;jsardina@venable.com;imalcolm@ecf.courtdrive.com;imalcolm@ecf.courtdrive.com

Glenn D Moses, Esq on behalf of Creditor Jason Terrell
gmoses@gjb-law.com,
gjbecf@venable.com;cscavone@venable.com;vlambdin@venable.com;gjbecf@ecf.courtdrive.com;imalcolm@venable.com;ipmalcolm@venable.com;jsardina@venable.com;imalcolm@ecf.courtdrive.com;imalcolm@ecf.courtdrive.com

Glenn D Moses, Esq on behalf of Creditor Richard Purcell
gmoses@gjb-law.com,
gjbecf@venable.com;cscavone@venable.com;vlambdin@venable.com;gjbecf@ecf.courtdrive.com;imalcolm@venable.com;ipmalcolm@venable.com;jsardina@venable.com;imalcolm@ecf.courtdrive.com;imalcolm@ecf.courtdrive.com

Glenn D Moses, Esq on behalf of Creditor Terry Thompson
gmoses@gjb-law.com,
gjbecf@venable.com;cscavone@venable.com;vlambdin@venable.com;gjbecf@ecf.courtdrive.com;imalcolm@venable.com;ipmalcolm@venable.com;jsardina@venable.com;imalcolm@ecf.courtdrive.com;imalcolm@ecf.courtdrive.com

Barry E. Mukamal
bemtrustee@kapilamukamal.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**22-13166-PDR Notice will not be electronically mailed to:**

BHP Capital NY Inc
45 SW 9th Street
Miami, Fl 33130

Bedford Capital Group, LLC
32 Cutler Road
Greenwich, Ct 06831

Beijing Youfeng Biological Technology Co Ltd
8 Yard
Xingiong Middle Street
Gaobeidian,

68060983;1

CT Corporation System
330 N Brand Blvd
Ste 700
Glendale, CA 91203

GS Capital Partners, LLC
1 East Liberty Street, Suite 600
Reno, NV 89501

Generex Biotechnology Corp
10102 USA Today Way
Miramar, Fl 33025

68060983;1

# Exhibit 1

## SETTLEMENT AND EQUITY PURCHASE AGREEMENT

This Settlement and Equity Purchase Agreement is entered into as of the Effective Date by and between Marc Barmat, in his capacity as Chapter 7 Trustee ("Trustee") of Generex Biotechnology, Inc. ("Debtor") and the Debtor's Chapter 7 Bankruptcy Estate in Debtor's Chapter 7 Bankruptcy Case filed on April 23, 2022 under Case No. 22-13166-PDR in the U.S. Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, on the one hand, and Terry Thompson, Richard Purcell, Dr. Jason Terrell, and Anthony Crisci (collectively, the "Objecting Parties"), on the other hand.

## RECITALS

**WHEREAS**, on October 14, 2022, the Trustee filed his *Motion for Entry of an Order (I) Approving Stalking Horse Bid and Stalking Horse EPA, (II) Approving Bid Procedures and Bid Protections in Connection with the Sale of Debtor's Equity in Two Subsidiaries, (III) Approving the Form and Manner of Notice of Sale, (IV) Scheduling an Auction and Sale Hearing and (V) Approving the Sale of the Equity Free and Clear of Liens, Claims, and Encumbrances* (ECF No. 56)[1] ("Bid Procedures Motion"), in which he seeks approval to sell all of the Debtor's shares and stock of Antigen Express, Inc. d/b/a NuGenerex Immuno-Oncology, Inc. ("NGIO") and Olaregen Therapeutix, Inc. ("Olaregen"), and certain findings related to the number and percentage of common and preferred shares owned by Debtor in NGIO and Olaregen ("Equity Findings");

**WHEREAS**, on November 8, 2022, the Objecting Parties filed their *Preliminary Objection to the Trustee's Motion for Entry of an Order (I) Approving Stalking Horse Bid and Stalking Horse EPA, (II) Approving Bid Procedures and Bid Protections in Connection with the Sale of Debtor's Equity in Two Subsidiaries, (III) Approving the Form and Manner of Notice of Sale, (IV) Scheduling an Auction and Sale Hearing and (V) Approving the Sale of the Equity Free and Clear of Liens, Claims, and Encumbrances* (ECF No. 68) ("Objection"), by which the Objecting Parties contested certain of the Equity Findings sought by the Motion;

**WHEREAS**, on November 17, 2022, the Court entered its *Order (I) Approving Stalking Horse Bid and Stalking Horse EPA, (II) Approving Bid Procedures and Bid Protections in Connection with the Sale of Debtor's Equity in Two Subsidiaries, (III) Approving the Form and Manner of Notice of Sale, (IV) Scheduling an Auction and Sale Hearing and (V) Approving the Sale of the Equity Free and Clear of Liens, Claims, and Encumbrances* (ECF No. 69), which set an evidentiary hearing on ECF No. 56 on January 20, 2023 at 10:00 a.m.;

**WHEREAS**, also on November 17, 2022, the Court entered its *Order Setting Evidentiary Hearing and Establishing Related Deadlines* (ECF No. 70);

**WHEREAS**, on December 30, 2022, the Trustee filed a *Motion to Approve Modified Equity Purchase Agreement with Stalking Horse Bidder, Modify Sale Deadlines as Necessary, and Modify Publication Requirements for Sale* (ECF No. 85);

---

[1] Italics herein refer only to the title of the document referenced.

68056077;1

**WHEREAS**, an agreement has been reached between the Trustee and the Objecting Parties to resolve the Objection;

**NOW, THEREFORE**, in consideration of the foregoing and the respective covenants contained herein, mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Trustee and Objecting Parties agree as follows:

## AGREEMENT

1. Definitions.

    a. "Case" shall mean that certain chapter 7 bankruptcy case styled *In re Generex Biotechnology Corp.*, Case No. 22-13166-PDR, and pending in the U.S. Bankruptcy Court for the Southern District of Florida;

    b. "Companies" shall mean Antigen Express, Inc. d/b/a NuGenerex Immuno-Oncology, Inc. and Olaregen Therapeutix, Inc.;

    c. "Bankruptcy Court" shall mean the U.S. Bankruptcy Court for the Southern District of Florida;

    d. "Debtor" shall mean Generex Biotechnology Corp;

    e. "Effective Date" shall mean the date upon which the Agreement is signed by the Parties;

    f. "Equity" shall mean all shares, common or preferred, voting or non-voting, and rights and property interests of Antigen Express, Inc. d/b/a NuGenerex Immuno-Oncology, Inc. and Olaregen Therapeutix, Inc. that are owned by Debtor;

    g. "Estate" shall mean bankruptcy estate of Generex Biotechnology Corp.;

    h. "Parties" means the Trustee and the Objecting Parties collectively;

    i. "Party" means either the Objecting Parties or the Trustee;

    j. "Person" means an individual, a partnership (general or limited), a corporation, a limited liability company, an association, a joint stock company, Governmental Authority, a business or other trust, a joint venture, any other business entity or an unincorporated organization;

    k. "Sale Order" means an Order of the Bankruptcy Court that authorizes the sale of the Equity to the Objecting Parties;

2. Purchase and Sale of Equity.

    a. Acquisition of Equity and Claims. Upon the terms and subject to the conditions contained in this Agreement, on the Closing Date (as hereinafter defined) the

the Trustee, shall sell, convey, transfer, deliver and assign to the Objecting Parties, and the Objecting Parties shall purchase and acquire from the Trustee: (1) all of the Estate's right, title and interest in and to the Equity on an "as-is, where-is" basis, with no warranties or representations, and (2) all right, title and interest of the Estate in any claims or causes of action against the Companies ("Claims"). The purchase and sale of the Equity and Claims is referred to in this Agreement as the "Acquisition."

      b.    <u>Purchase Price</u>. As consideration for the Acquisition, the total purchase price ("Purchase Price"), shall be One Million Five Hundred and Fifty Thousand Dollars ($1,550,000) to be paid in cash or immediately available funds as follows:

          i.   Objecting Parties shall pay Trustee One Hundred and Fifty Thousand Dollars ($150,000.00) on or before January 18, 2023 (the "Deposit") by check or by wire, pursuant to instructions provided by the Trustee. The Deposit will be held in escrow by the Trustee and shall be released only as provided by this Agreement; and

          ii.   Objecting Parties shall pay Trustee the remaining amount of the Purchase Price no later than January 27, 2023.

      c.    <u>Higher and Better Offers</u>. Objecting Parties acknowledge and agree that this Agreement is subject to higher or better offers for the Equity and/or Claims which may be solicited by and/or received by the Trustee through an auction and sale procedures to be approved by the Bankruptcy Court. If a higher or better bid for the Equity and/or Claims is accepted and approved by the Bankruptcy Court, and the Trustee successfully closes on such better or higher bid, Trustee shall refund the Deposit to the Objecting Parties within seven (7) calendar days of closing with a successful bidder other than Objecting Parties.

      d.    <u>Sufficient Funds</u>. No later than January 13, 2023, Objecting Parties shall provide to the Trustee such financial disclosures and documentation which demonstrate, in the Trustee's sole business judgment, the Objecting Parties' financial and other capabilities to fund the Purchase Price.

      e.    <u>Bankruptcy Court Approval</u>. The Trustee shall request that the Bankruptcy Court enter an Order in form and substance reasonably satisfactory to the Trustee and the Objecting Parties that approves this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Settlement Motion") and authorizes Trustee to perform its obligations under this Agreement to sell the Equity and Claims to Objecting Parties, subject to better or higher offers by competing bidders pursuant to modified bid procedures approved by the Bankruptcy Court. The Parties acknowledge and agree that this Agreement is not binding and cannot be performed by or enforced against Trustee unless and until the Bankruptcy Court approves this Agreement and authorizes Trustee's performance of this Agreement. In the event the Bankruptcy Court does not grant the Settlement Motion, this Agreement shall be null and void and of no force and effect against either of the Parties.

f. <u>The Closing</u>. Unless otherwise agreed to in writing by the parties, the closing contemplated by this Agreement (the "Closing") shall take place within seven (7) days of the entry of a Sale Order that is not subject to any stay (the "Closing Date"). However, the Parties shall have the ability to extend Closing if mutually agreed in writing by both Parties. The Closing Date shall not be before January 27, 2023.

3. <u>Releases</u>. The Trustee and Objecting Parties shall exchange mutual general releases, in the form attached as **Exhibit A** hereto, conditioned upon the entry of an Order not subject to a stay or appeal approving this Agreement and either: (i) Trustee's actual receipt of the Purchase Price from Objecting Parties pursuant to paragraph 2(b) in the event the Objecting Parties are the highest and best offer for the Acquisition; <u>or alternatively</u> (ii) the Objecting Parties' waiver of the Objection, and any other objections by Objecting Parties, to the Equity Findings in the event a third party successful bidder solicits the Equity Findings as part of an accepted successful bid, or <u>alternatively</u>, (iii) the Objecting Parties' full compliance with paragraph 4(b)(i) and (ii)

4. <u>Default</u>.

   a. It shall constitute an event of default under this Agreement by the Objecting Parties' if the Objecting Parties either: (i) fail to timely tender proof of sufficient funds to fund the Purchase Price pursuant to paragraph 2(d); (ii) fail to timely tender the Deposit pursuant to paragraph 2(b); <u>or</u> (iii) fail to timely fund the Purchase Price pursuant to paragraph 2(b) if they are the successful bidder for the Equity. Either of these circumstances is referred to as an "Event of Default."

   b. Upon the occurrence of an Event of Default:

      i. The Objecting Parties expressly waive the Objection, and any and all other objections by the Objecting Parties, to the Equity Findings, <u>and</u>

      ii. The Objecting Parties will execute all documents reasonably necessary to effectuate the conveyance of all equity in the Companies that the Trustee or Objecting Parties claim to own to the Person identified by the Trustee as the successful bidder that is approved by the Bankruptcy Court.

5. <u>Reservation of Jurisdiction</u>. The Objecting Parties consent to the Bankruptcy Court reserving jurisdiction to fully adjudicate the Estate's ownership interest in the Companies if there is no Event of Default, that Objecting Parties are not the successful bidder, and the Objecting Parties do not consent to waive their objections to the Equity Findings.

6. <u>Attorneys' Fees and Costs</u>. Each Party will pay its own costs and expenses, including attorneys' fees, incurred in connection with this Agreement.

7. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

8. <u>Entire Agreement</u>. This Agreement (including the documents referred to herein) constitutes the entire agreement among the Parties and supersedes any prior understandings, agreements, or representations by or among the parties, written or oral, to the extent they related in any way to the subject matter hereof.

9. <u>Facsimile / Electronic Execution</u>. Signatures on counterparts of this Agreement transmitted by facsimile or by electronic means are hereby authorized and shall be acknowledged as if any such signature included on any such counterpart and so transmitted was an original execution.

10. <u>Amendments and Waivers</u>. No amendment of any provision of this Agreement shall be valid unless the same shall be in writing and signed by the Parties. No waiver by any Party of any default, misrepresentation, or breach of warranty or covenant hereunder, whether intentional or not, shall be deemed to extend to any prior or subsequent default, misrepresentation, or breach of warranty or covenant hereunder or affect in any way any rights arising by virtue of any prior or subsequent such occurrence, unless a Party agreed to extend the deadline for a Party to act under the Agreement.

11. <u>Construction</u>. The Parties have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement. Any reference to any federal, state, local, or foreign statute or law shall be deemed also to refer to all rules and regulations promulgated thereunder, unless the context requires otherwise. The word "including" shall mean including without limitation.

12. <u>Governing Law and Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the domestic laws of the State of Florida without giving effect to any choice or conflict of law provision or rule (whether of the State of Florida or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Florida. The Parties agree that any claim, dispute or controversy arising from or related to this Agreement shall be submitted to the Bankruptcy Court, which shall retain jurisdiction over same.

13. <u>Headings</u>. The section headings contained in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Agreement.

14. <u>No Assignment</u>. Neither this Agreement nor any of the rights, interests or obligations under this Agreement shall be assigned by any party hereto without the prior written consent of the other parties.

15. <u>Binding on Successors, Assigns and Others.</u> This Agreement and the covenants and conditions contained herein shall apply to, be binding upon, and inure to the heirs, executors, administrators, conservators, trustees, agents, legal representatives, successors, transferees, and assigns of the Parties hereto including, but not limited to, any subsequent committee, bankruptcy trustee, plan administrator, or liquidating trustee.

16. <u>Advice of Counsel.</u> The Parties acknowledge that they have been (or have had the opportunity to be) represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Agreement, and each Party understands the terms and provisions of this Agreement and its nature and effect. Each Party further represents that they are entering into this Agreement freely and voluntarily, relying solely upon the advice of their own counsel if applicable, and not relying on representation of any other Party or of counsel for any other Party.

17. <u>No Third-Party Beneficiaries</u>. This Agreement shall not confer any rights or remedies upon any Person other than the Parties and their respective successors and permitted assigns.

18. <u>Severability</u>. Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

**OBJECTING PARTIES**

_____
Terry Thompson

_____
Anthony Crisci

_____
Richard Purcell

_____
Dr. Jason Terrell


**TRUSTEE**


_____
Marc P. Barmat
Chapter 7 Trustee

## EXHIBIT A

## MUTUAL GENERAL RELEASE

Pursuant to the Settlement Agreement entered into by and between Marc Barmat, in his capacity as Chapter 7 Trustee ("Trustee") of Generex Biotechnology, Inc. ("Debtor") and the Debtor's Chapter 7 Bankruptcy Estate ("Estate") in Debtor's Chapter 7 Bankruptcy Case filed on April 23, 2022 under Case No. 22-13166-PDR in the U.S. Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, on the one hand, and Terry Thompson, Richard Purcell, Dr. Jason Terrell, and Anthony Crisci (collectively, the "Objecting Parties"), on the other hand, (collectively, the Trustee and the Objecting Parties shall be referred to as the "Parties"), as approved by the U.S. Bankruptcy Court for the Southern District of Florida in Case No. 22-13166-PDR (the "Court"), as of the Effective Date of the Agreement,[2] and exclusive of the obligations, requirements, and duties expressly set forth in the Agreement,

(a) the Trustee, for himself, his agents, legal representatives, and attorneys, fully and unconditionally waive, release, remise, and forever discharge Objecting Parties, their agents, successors, predecessors, and assigns, from all known and unknown claims demands, causes of action, suits, debts, sums of money, accounts, covenants, bonds, obligations set forth in contracts, controversies, obligations set forth in agreements, promises, damages, expenses (including attorneys' fees and costs), whatsoever, both in law and in equity that he, the Estate, or the Debtor ever had, now has, or may have against the Objecting Parties by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of the Effective Date of the Agreement arising out of or in any way relating to (i) the Debtor's bankruptcy case, (ii) the Estate, (iii) the Trustee's Bid Procedures Motion, (iv) the sale of the Equity by the Trustee, or (v) the Objection, including, without limitation, any avoidance claims on behalf of the Estate that may arise under Sections 547, 548 and 550 of the Bankruptcy Code and/or Chapter 726 of the Florida Statutes, any and all claims asserted against the Estate.

(b) the Objecting Parties, their agents, successors, predecessors, and assigns, fully and unconditionally waive, release, remise, and forever discharge the Trustee, his agents, legal representatives, and attorneys, and the Debtor's Estate, from all known and unknown claims demands, causes of action, suits, debts, sums of money, accounts, covenants, bonds, obligations set forth in contracts, controversies, obligations set forth in agreements, promises, damages, expenses (including attorneys' fees and costs), whatsoever, both in law and in equity that the Objecting Parties ever had, now has, or may have against the Trustee, his agents, legal representatives, and attorneys, or the Estate, by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of the Effective Date of the Agreement arising out of or in any way relating to (i) the Debtor's bankruptcy case, (ii) the Estate, (iii) the Trustee's Bid Procedures Motion, (iv) the sale of the Equity by the Trustee, or (v) the Objection, including, without limitation, any avoidance claims on behalf of the Estate that may arise under Sections 547, 548 and 550 of the Bankruptcy Code and/or Chapter 726 of the Florida Statutes, any and all claims asserted against the Estate.

---

[2] All capitalized terms not defined herein shall have the meaning ascribed in the Settlement Agreement.

68056077;1

**OBJECTING PARTIES**

*Terry Thompson*

Terry Thompson

*Anthony Crisci*

Anthony Crisci

*Richard Purcell*

Richard Purcell

*Jason Terrell*

Dr. Jason Terrell


**TRUSTEE**

_____
Marc P. Barmat
Chapter 7 Trustee

68056077;1