**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| GENEREX BIOTECHNOLOGY CORP, | Case No. 22-13166-PDR |
| Debtor. | |

_____/

| | |
|---|---|
| MARC BARMAT, as Chapter 7 Trustee, | |
| v. | Adv. Pro. No. |
| OASIS CAPITAL, LLC, a Puerto Rico limited liability company | |

_____/

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. § 547 AND OBJECTION TO CLAIM**

Marc Barmat, as Chapter 7 Trustee of Oasis Capital, LLC (the "Trustee" or "Plaintiff"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Oasis Capital, LLC (the "Defendant") and to object to the proof of claim filed by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the 90-day period prior to the commencement of the bankruptcy proceedings of Generex Biotechnology Corp. (the "Debtor" or "Generex") pursuant to sections 547 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Plaintiff also objects to the proof of claim of Defendant to the extent it asserts secured status, or a claim for post-Petition interest and fees.

69025951;2

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Southern District of Florida (the "Court"), captioned *Generex Biotechnology Corp.,* Case No. 22-13166-PDR, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.    The statutory and legal predicates for the relief sought herein is section 547 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.    This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1409.

6.    Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders or judgments by the Court.

## PROCEDURAL BACKGROUND

7.    On April 23, 2022 (the "Petition Date"), an involuntary petition for Debtor was filed in this Court under chapter 7 of the Bankruptcy Code.

8.    On June 6, 2022, this Court entered an order for relief.

9.    Plaintiff was appointed Trustee by Order entered on June 7, 2022.

## THE PARTIES

10.    The Trustee has the requisite and exclusive statutory standing and authority to investigate, commence, prosecute, appeal, settle, abandon, or compromise certain causes of action, including avoidance actions under section 547 of the Bankruptcy Code to avoid and recover any transfer of an interest of the Debtor in property prior to the Petition Date.

69025951;2

11.     Defendant is a Puerto Rico limited liability company.  Defendant's address is 411 Dorado Beach, East Dorado, Puerto Rico, 00646.

## FACTUAL BACKGROUND

12.     On October 28, 2022, Defendant filed a proof of claim in Debtor's bankruptcy case (the "Claim").  (Claim 7-1.)

13.     The Claim is in the amount of $9,892,206.06, and asserts a fully secured interest in all assets of Debtor. (Claim 7-1, p. 2.)  A copy of the Claim is attached as **Exhibit A** hereto.

14.     The Claim asserts that "[p]rior to the Petition Date, Oasis and Generex entered into a certain Securities Purchase Agreement (the "First SPA") dated February 17, 2021. In connection with the First SPA, Generex and Oasis also entered into a certain Convertible Promissory Note dated February 17, 2021 in the amount of $1,689,500 (the "First Note"), which amount Generex agreed to pay to Oasis on or before February 17, 2022 in accordance with and subject to the terms and conditions thereof." (Claim 7-1, Part 2, p. 2.)

15.     The Claim asserts that "[t]he First Note is secured by a first-position lien on and security interest in "all of [Generex]'s (including its subsidiaries) Accounts, Goods, Inventory, Equipment, Investment Property, General Intangibles, Instruments, Documents, and all other assets and personal property . . . wherever located, together with all the proceeds now or hereafter arising in connection therewith." (Claim 7-1, Part 2, p. 3.)

16.     The Claim asserts that "Oasis and Generex entered into a certain Securities Purchase Agreement (the "Second SPA") dated July 8, 2021. In connection with the Second SPA, Generex and Oasis also entered into a certain Secured Convertible Promissory Note dated July 8, 2021 in the amount of $1,085,000 (the "Second Note"), which amount Generex agreed to pay to Oasis on or before July 8, 2022 in accordance with and subject to the terms and conditions thereof." (Claim 7-1, Part 2, p. 3.)

17.     The Claim asserts that "The Second Note is secured by a first-position lien on and security interest in "all of [Generex]'s (including its subsidiaries) Accounts, Goods, Inventory, Equipment, Investment Property, General Intangibles, Instruments, Documents, and all other assets and personal property . . . wherever located, together with all the proceeds now or hereafter arising in connection therewith."  (Claim 7-1, Part 2, p. 4-5.)

18.     The Claim asserts that "Oasis filed a UCC-1 Financing Statement (Filing No. 2022 0669879) with the Delaware Department of State and perfected its liens and security interests in the Debtors' assets." (Claim 7-1, Part 2, p. 5.)

19.     The UCC-1 Financing Statement Filing No. 2022 0669879 ("UCC-1") of Defendant was filed on January 25, 2022.  A copy of the UCC-1 is attached as **Exhibit B** hereto.

20.     The Claim asserts that "Oasis asserts a secured claim in the amount of no less than $9,892,206.06 plus interest, fees (including but not limited to attorneys' fees), costs and other charges which continue to accrue against the Debtor, calculated . . .  through June 5, 2022 (the day before the date that the Court entered the order for relief in the Bankruptcy Case). . ." (Claim 7-1, Part 2, p. 5.)

21.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by Debtor to Defendant within the 90 days prior to the Petition Date ("Preference Period"), including the delayed perfection of Defendant's security interest in the Debtor's assets.

22.     Plaintiff has done reasonable due diligence in the circumstances of the case, including by an examination of the corporate representative of Defendant, and taken into account Defendant's known or reasonably knowable affirmative defenses.

23.     The corporate representative of Oasis testified that Oasis had actual knowledge of judgments entered against Debtor, and such circumstances triggered and motivated Oasis's delayed filing of the UCC-1 in the Preference Period.

24.     The corporate representative of Oasis further testified that Oasis had no written or oral agreement to delay filing of UCC-1 or file it on a non-contemporaneous basis.

25.     The corporate representative of Oasis testified that the First Note and Second Note were the only transactions that Debtor had with Oasis, and that no consideration of any kind was given from Oasis to Debtor at the time of, or after, the filing of the UCC-1 by Oasis.

26.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant by Debtor during the Preference Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee.  Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

27.     Plaintiff acknowledges that some of the transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfer — 11 U.S.C. § 547)

28.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

69025951;2

29.     During the Preference Period, but more than six months after the most recent debt incurred by Debtor to Defendant, the Defendant perfected its security interest by the filing of the UCC-1.

30.     The delayed perfection of Defendant's security interest by the filing of the UCC-1 on January 25, 2022 (the "Transfer") constituted a transfer of an interest in property of Debtor.

31.     Defendant was a creditor at the time of the Transfer by virtue of holding a debt owed by Debtor.

32.     The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer perfected the security interest of Defendant securing debt or debts then owed to Defendant by the Debtor.

33.     The Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfer was made, which debts are identified on the Claim, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to the Transfer.

34.     The Transfer was made while the Debtor was insolvent.  Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

35.     The Transfer was made during the Preference Period.

36.     As a result of the Transfer, Defendant received more than Defendant would have received: (i) in this case under chapter 7 of the Bankruptcy Code; (ii) if the Transfer had not been made; and (iii) if Defendant received payments of the debts owed to it by Debtor under the provisions of the Bankruptcy Code.  As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's

6

liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

37.    In accordance with the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 547(b). [1]

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief against Defendant: (a) determining that Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. § 547(b), (b) judgment in favor of Plaintiff and against Defendant, avoiding the Transfer and the lien created by the UCC-1, determining that Defendant does not have any perfected secured interest in Debtor's assets, pursuant to 11 U.S.C. § 547(b), (c) providing that any collateral to which Defendant's lien attached becomes property of the Estate, free and clear of the avoided lien pursuant to 11 U.S.C. §§ 547 and 551, (d) awarding Plaintiff the costs and expenses of this action, and (e) granting Plaintiff such other and further relief as this Court may deem just and proper.

## COUNT II
### (Objection to Claim)

38.    Plaintiff incorporates paragraphs 1 through 27 as if fully re-alleged herein.

39.    The Transfer is avoidable under section 547 of the Bankruptcy Code.

40.    The Claim asserts a secured interest in Debtor's property.

41.    The Trustee is a hypothetical lien creditor under section 547 of the Bankruptcy Code.

---

[1] The Defendant has effectively admitted the Transfer is avoidable as a preference by virtue of a legal malpractice lawsuit against its former attorneys wherein it alleges negligence based on failure to timely file the UCC-1. *See Oasis Capital, LLC v. Nason Yeager, Gerson, Harris & Fumero, P.A. et al.*, Case No. 9:22-cv-81913-AMC (S.D. Fla.).  In the lawsuit, the Defendant states "But for the Defendant [attorney's] negligence in . . . failing to file the UCC-1 financing statements with respect to the Generex Notes. . . . Oasis's interests in Generex would have been perfected, there would have been sufficient Collateral to cover the amounts owed by Generex under the Notes, and now it will likely be an unsecured creditor as the secured interests will likely be avoided as preferences. . . ." *See* Second Am. Compl., *Oasis Capital, LLC v. Nason Yeager, Gerson, Harris & Fumero, P.A. et al.*, Case No. 9:22-cv-81913-AMC (ECF No. 23) (S.D. Fla. Feb. 22, 2023).

69025951;2

42.     If the Transfer is avoided under section 547 of the Bankruptcy Code, the Defendant will not have any perfected secured interest in Debtor's property.

43.     If the Transfer is avoided under section 547 of the Bankruptcy Code, and the Claim is deemed unsecured, the Defendant will not be entitled to any post-Petition interest or fees.

44.     Pursuant to Bankruptcy Rules 3007 and 7001, and sections 502 and 506 of the Bankruptcy Code, the Trustee objects to the secured status of the Claim and seeks to disallow the Claim to the extent it claims any secured interest in Debtor's assets, or for post-Petition interest.

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief against Defendant: (a) disallow any secured claim by Defendant due to the avoidance of the Transfer, (b) disallow the Claim to the extent of the post-Petition interest or fees, (c) for all other relief that is just and proper.

Dated: April 4, 2023                              Respectfully submitted,

By: ___*/s/ Eyal Berger*_____
Eyal Berger, Esq.
Florida Bar No. 011069
Email:  eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel:  954-463-2700
Fax: 954-463-2224

*Counsel for the Plaintiff Trustee*

Exhibit A

| Fill in this information to identify the case: |
|---|

Debtor 1    Generex Biotechnology Corp

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Southern District of Florida**

Case number:  **22-13166**

FILED

**U.S. Bankruptcy Court**
**Southern District of Florida**

10/28/2022

**Joseph Falzone, Clerk**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Oasis Capital, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Oasis Capital, LLC | |
| Name | Name |
| Adam Long | |
| 411 Dorado Beach | |
| East Dorado, Puerto Rico 00646 | |
| Contact phone     816-960-0100 | Contact phone |
| Contact email     adam@oasis-cap.com | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)          Filed on

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ 9892206.06    **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money loaned (see attached rider). |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>    **Nature of property:**<br>    ☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>    ☐ Motor vehicle<br>    ☑ Other. Describe:    All assets of the Debtor.<br><br>    **Basis for perfection:**    See attached rider.<br><br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**    $<br>    **Amount of the claim that is secured:**    $ 9892206.06<br>    **Amount of the claim that is unsecured:**    $ 0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**    $ 9892206.06<br><br>    **Annual Interest Rate** (when case was filed)    24.00 %<br>    ☑ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies  $ _____

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/28/2022
MM / DD / YYYY

/s/ Adam Long
Signature

Print the name of the person who is completing and signing this claim:

Name  Adam Long
First name   Middle name   Last name

Title  Managing Member

Company  Oasis Capital, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address  411 Dorado Beach
Number  Street
East Dorado, Puerto Rico, 00646
City  State  ZIP Code

Contact phone  816-960-0100   Email  adam@oasis-cap.com

Official Form 410  Proof of Claim  page 3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

GENEREX BIOTECHNOLOGY CORP.                      Case No.: 22-13166-BKC-PDR

Debtor.                                          Chapter 7

## RIDER TO PROOF OF CLAIM OF OASIS CAPITAL, LLC

1.      Oasis Capital, LLC ("Oasis") submits this addendum in support of its proof of claim (the "Proof of Claim") against debtor Generex Biotechnology Corp. ("Generex" or the "Debtor").

2.      On April 23, 2022, this case (the "Bankruptcy Case") was commenced by the filing an involuntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

3.      On June 6, 2022, the Court entered its *Order for Relief in Involuntary Case and Order Setting Deadline for Filing Schedules, Statements and Other Documents* [ECF No. 17].

4.      On August 24, 2022, the Chapter 7 Trustee filed a *Verification of Creditor Matrix* [ECF No. 42].

5.      On August 25, 2022, the Court entered a notice [ECF No. 43] (the "Bar Date Notice"), establishing **November 3, 2022** as the deadline for each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability

company, estate or trust, that holds or asserts a claim, as defined in Bankruptcy Code section 101(5), against the Debtor to file a proof of claim in the Bankruptcy Case.

6.      Prior to the Petition Date, Oasis and Generex entered into a certain Securities Purchase Agreement (the "First SPA")[1] dated February 17, 2021.  In connection with the First SPA, Generex and Oasis also entered into a certain Convertible Promissory Note dated February 17, 2021 in the amount of $1,689,500 (the "First Note"), which amount Generex agreed to pay to Oasis on or before February 17, 2022 in accordance with and subject to the terms and conditions thereof.

7.      The First Note accrues interest at a rate of 8% per annum.  The First Note provided that any amounts not paid prior to or on the Maturity Date (as defined therein) would accrue interest at the lesser of (i) 24% per annum or (ii) the maximum amount allowed by law.

8.      Section 3.1 of the First Note provides that it would be an Event of Default for Generex to fail "to pay the principal hereof or interest thereon when due on this [First Note], whether at the Maturity Date, upon acceleration, or otherwise."

9.      Section 3.5 of the First Note provides that it would be an Event of Default for Generex to "make an assignment for the benefit of creditors, or apply for or consent to the appointment of a receiver or trustee for it or for a substantial part of its property or business, or such a receiver or trustee shall otherwise be appointed."

---

[1]      Oasis believes that Generex is already in possession of the First SPA and each other document described herein and therefore has not attached any of the same to this Rider.  To the extent that the Trustee has not already received copies of these documents, Oasis believes that it can do so from Generex.  However, subject to any applicable requirements of confidentiality (if any), and without waiving any applicable rights, Oasis will furnish copies of the same to the Trustee and/or Generex and/or its estate, and any of their respective successors or assigns, upon request.

10.     The First Note provides that, upon an Event of Default of the type specified in Sections 3.1 and/or 3.5,

> solely upon written demand by [Oasis], this [First Note] shall become immediately due and payable and [Generex] shall pay to [Oasis], in full satisfaction of its obligations hereunder, an amount equal to 125% (plus an additional 5% per each additional Event of Default that occurs hereunder), <u>multiplied by</u> the then outstanding entire balance of this [First Note] (including principal and accrued and unpaid interest) <u>plus</u> Default Interest from the date of the Event of Default, if any, <u>plus</u> any amounts owed to [Oasis] pursuant to Section 1.3(g) . . . (collectively, in the aggregate of all of the above, the "<u>Default Amount</u>"), and all other amounts payable hereunder shall immediately become due and payable, all without demand, presentment or notice, all of which hereby are expressly waived, together with all costs, including, without limitation, legal fees and expenses, of collection, and [Oasis] shall be entitled to exercise all other rights and remedies available at law or in equity.

11.     The First Note is secured by a first-position lien on and security interest in "all of [Generex]'s (including its subsidiaries) Accounts, Goods, Inventory, Equipment, Investment Property, General Intangibles, Instruments, Documents, and all other assets and personal property . . . wherever located, together with all the proceeds now or hereafter arising in connection therewith."

12.     Oasis and Generex entered into a certain Securities Purchase Agreement (the "<u>Second SPA</u>") dated July 8, 2021.  In connection with the Second SPA, Generex and Oasis also entered into a certain Secured Convertible Promissory Note dated July 8, 2021 in the amount of $1,085,000 (the "<u>Second Note</u>"), which amount Generex agreed to pay to Oasis on or before July 8, 2022 in accordance with and subject to the terms and conditions thereof.

13.     The Second Note accrues interest at a rate of 8% per annum.  The Second Note provides that any amounts not paid prior to or on the Maturity Date (as defined therein) will accrue interest at the lesser of (i) 24% per annum or (ii) the maximum amount allowed by law.

14.     Section 3.1 of the Second Note provides that it is an Event of Default for Generex to fail "to pay the principal hereof or interest thereon when due on this [Second Note], whether at the Maturity Date, upon acceleration, or otherwise."

15.     Section 3.5 of the Second Note provided that it is an Event of Default for Generex to "make an assignment for the benefit of creditors, or apply for or consent to the appointment of a receiver or trustee for it or for a substantial part of its property or business, or such a receiver or trustee shall otherwise be appointed."

16.     The Second Note provided that, upon an Event of Default of the type specified in Sections 3.1 and/or 3.5,

> solely upon written demand by [Oasis], this [Second Note] shall become immediately due and payable and [Generex] shall pay to [Oasis], in full satisfaction of its obligations hereunder, an amount equal to 125% (plus an additional 5% per each additional Event of Default that occurs hereunder), multiplied by the then outstanding entire balance of this [Second Note] (including principal and accrued and unpaid interest) plus Default Interest from the date of the Event of Default, if any, plus any amounts owed to [Oasis] pursuant to Section 1.3(g) . . . (collectively, in the aggregate of all of the above, the "Default Amount"), and all other amounts payable hereunder shall immediately become due and payable, all without demand, presentment or notice, all of which hereby are expressly waived, together with all costs, including, without limitation, legal fees and expenses, of collection, and [Oasis] shall be entitled to exercise all other rights and remedies available at law or in equity.

17.     The Second Note is secured by a first-position lien on and security interest in "all of [Generex]'s (including its subsidiaries) Accounts, Goods, Inventory, Equipment, Investment

Property, General Intangibles, Instruments, Documents, and all other assets and personal property . . . wherever located, together with all the proceeds now or hereafter arising in connection therewith."

18.     Oasis filed a UCC-1 Financing Statement (Filing No. 2022 0669879) with the Delaware Department of State and perfected its liens and security interests in the Debtors' assets. Generex has ceased payment on the First Note and the Second Note.

19.     Furthermore, on April 11, 2022, the United States District Court for the Southern District of New York issued an Order at Docket No. 159 in Case No. 18-11585 appointing Brian Ryniker and Ryniker Consultants, LLC as receiver over Generex and its assets.  Because of these and other occurrences, Oasis is in default of the First Note and the Second Note, and is in breach of the First SPA and the Second SPA.

20.     Oasis has issued a notice of default to Generex in accordance with the terms of the First Note and the Second Note, and as a result, the full principal balance of each of the First Note and the Second Note is now due together all accrued interests and fees, costs and other expenses in connection therewith.

21.     Accordingly, by this Proof of Claim, Oasis asserts a secured claim in the amount of no less than $9,892,206.06 plus interest, fees (including but not limited to attorneys' fees), costs and other charges which continue to accrue against the Debtor, calculated as follows through June 5, 2022 (the day before the date that the Court entered the order for relief in the Bankruptcy Case):

| First Note | |
|---|---|
| Outstanding Principal through 6/5/2022: | $1,093,836.30 |
| Outstanding Interest (24%) through 6/5/2022: | $769,345.08 |
| Damages, fees, and costs through 6/5/2022: | $3,736,251.64 |

| Total Note 1: | $5,599,433.02 |
|---|---|
| **Second Note** | |
| Outstanding Principal through 6/5/2022: | $1,085,000.00 |
| Outstanding Interest (24%) through 6/5/2022: | $260,400.00 |
| Damages, fees, and costs through 6/5/2022: | $2,947,373.04 |
| **Total Note 2:** | **$4,292,773.04** |
| **Total Note 1 & Note 2:** | **$9,892,206.06** |

**Reservation of Rights**

22.     Oasis files this Proof of Claim now under compulsion of the Bar Date Notice and expressly reserves all rights, claims, counterclaims, causes of actions, and defenses that Oasis has or may have with respect to this Proof of Claim or the First Note, the Second Note, the First SPA, and/or the Second SPA.  Nothing herein constitutes a waiver of Oasis's right to file additional proofs of claim, nor shall filing this Proof of Claim prejudice Oasis's right to seek additional damages or immediate payment of any amounts owed under any of the First Note, the Second Note, the First SPA, and/or the Second SPA.  Oasis reserves the right to amend, clarify, modify, supplement, or otherwise revise the Proof of Claim.

23.     By filing the Proof of Claim, Oasis does not waive: (a) any of the rights and remedies it may have against any person who or entity that may be liable for all or part of the claims set forth herein; or (b) any other defaults by the Debtor in connection with the First Note, the Second Note, the First SPA and/or the Second SPA not stated in the Proof of Claim.

24.     Moreover, the Proof of Claim is not and shall not be deemed as: (a) Oasis's consent to the jurisdiction of this Court or any other with respect to the proceedings, if any, commenced in any case against or otherwise involving Oasis; (b) a waiver or release of Oasis's right to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein,

whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (c) consent by Oasis to a jury trial in this Court or any other court in any proceeding as to any and all maters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (d) a waiver or release of Oasis's rights to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge or, if applicable, the Eleventh Circuit Court of Appeals; (e) a waiver of a right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto, or other proceeding that may be commenced in this case against or otherwise involving Oasis; or (f) an election of remedies.

     25.     All notices concerning the Proof of Claim should be sent to:

     Oasis Capital, LLC
     ATTN: Adam Long
     411 Dorado Beach
     East Dorado, PR 00646

Exhibit B

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
(845) 425-0077

**B. E-MAIL CONTACT AT FILER (optional)**
SEARCHES@VCORPSERVICES.COM

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

VCORP SERVICES, LLC
25 ROBERT PITT DRIVE, SUITE 204
MONSEY, NY 10952
US

Delaware Department of State
U.C.C. Filing Section
Filed: 09:48 PM 01/25/2022
U.C.C. Initial Filing No: 2022 0669879

Service Request No:  20220251170

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| GENEREX BIOTECHNOLOGY CORPORATION | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 10102 USA TODAY WAY | MIRAMAR | FL | 33025 | US |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OASIS CAPITAL, LLC | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 208 PONCE DE LEON AVE., SUITE 1600 | SAN JUAN | PR | 00918 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:
**See Exhibit A hereto.**
**Collateral Description - please see attached**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
DELAWARE

International Association of Commercial Administrator

**FILING OFFICE COPY —** UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# EXHIBIT A

Debtor:            Generex Biotechnology Corporation
                   10102 USA Today Way
                   Miramar, FL 33025

Secured Party:
                   Oasis Capital, LLC
                   208 Ponce de Leon Ave., Suite 1600
                   San Juan, Puerto Rico 00918

Any and all property of Debtor, of any kind or description, tangible or intangible, real, personal or mixed, wheresoever located and whether now existing or hereafter arising or acquired, including the following (all of which property, along with the products and proceeds therefrom, are individually and collectively referred to as the "**Collateral**") (capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Uniform Commercial Code):

      (a)      Accounts;

      (b)      Goods;

      (c)      Inventory;

      (d)      Equipment Investment Property;

      (e)      General Intangibles;

      (f)      Instruments;

      (g)      Documents;

      (h)      all property of, or for the account of, the Debtor now or hereafter coming into the possession, control or custody of, or in transit to, Secured Party or any agent or bailee for Secured Party or any parent, affiliate or subsidiary of Secured Party or any participant with Secured Party in the Obligations (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise), including all cash, earnings, dividends, interest, or other rights in connection therewith and the products and proceeds therefrom, including the proceeds of insurance thereon; and

      (i)      the additional property of the Debtor, whether now existing or hereafter arising or acquired, and wherever now or hereafter located, together with all additions and accessions thereto, substitutions, betterments and replacements therefor, products and Proceeds therefrom, and all of the Debtor's books and records and recorded data relating thereto (regardless of the medium of recording or storage), together with all of the Debtor's right, title and interest in and to all computer software required to utilize, create, maintain and process any such records or data on electronic media.