UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

IN RE:                                                        Chapter 7

GENEREX BIOTECHNOLOGY CORP,                  Case No. 22-bk-13166-PDR

　　　　Debtor.

_____/

### TRUSTEE'S MOTION TO APPROVE SALE OF ASSETS OF ESTATE
### FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

Marc P. Barmat, the Chapter 7 Trustee ("Trustee"), by and through undersigned counsel, moves the Court to approve the sale of certain assets of the bankruptcy estate (as described herein) to Beijing Youfeng Biological Technology Co., Ltd. and/or its designee ("Purchaser"), including the equity of various subsidiaries and any remaining intellectual property owned by Generex Biotechnology Corp ("Debtor"), and in support thereof states as follows:

**A.      Background**

1.      On April 23, 2022 ("Petition Date"), Three Brothers Trading, LLC, GS Capital Partners, LLC, BHP Capital NY, Inc., Beijing Youfeng Biological Technology Co., Ltd. and Bedford Capital Group LLC filed an involuntary petition against Debtor for relief under title 11 of the United States Code commencing this case.  (ECF 1.)

2.      On June 7, 2022, the Trustee was duly appointed as the Chapter 7 Trustee responsible for administering the Debtor's estate. (ECF 18.)

3.      As of the Petition Date, Debtor was a healthcare holding company that held equity in, *inter alia,* two subsidiaries, Antigen Express, Inc. d/b/a NuGenerex Immuno-Oncology ("NGIO") and Olaregen Therapeutix, Inc. ("Olaregen").  The Trustee sold the equity in NGIO and Olaregen at an auction for $3.35 million.  (ECF 135.)

4.      Based on available public records, Debtor may own equity in twenty-five (25) additional subsidiaries:

- Generex Pharmaceuticals, Inc.
- 1097346 Ontario, Inc.
- Generex (Bermuda), Inc. (or LLC)
- Rapid Medical Diagnostics Corporation
- High Desert Diagnostic Laboratory, Inc.
- Nugenerex Diagnostics, Inc.
- GNBTELC, LLC
- NuGenerex Distribution Solutions, LLC
- Nugenerex Distribution Solutions 2, LLC
- Nugenerex Management Services, Inc.
- Pantheon F & A, LLC
- Nugenerex Surgical Holdings, LLC
- NuGenerex Health, LLC
- NuGenHealth, LLC
- NuGenerex HMO, LLC
- NuGenerex MSO, LLC
- NuGenerex Medical Marketing, LLC
- Nugenerex Therapeutics Holding, LLC
- Regentys Corporation
- GH Care, Inc. d/b/a ALTuCELL
- ALTuCELL, Inc.
- NuGenerex DME Holdings, LLC
- DMEiq, LLC d/b/a DME-IQ
- Rapport Services, LLC
- NMSIELC, LLC

5.      Additionally, as disclosed in its public filings, Debtor may own an interest in intellectual property that was not conveyed in the previous sale, including specifically, potentially a buccal delivery technology.

6.      Early in this bankruptcy case, the Trustee solicited eight prospective brokers for potential engagement to sell the estate's property, and among those willing to consider the engagement, only one broker expressed interest and requested an upfront retainer of $100,000 and

73588552;2

commission.  Moreover, the only broker willing to consider the engagement identified the equity of NGIO and Olaregen as the only marketable  assets.

7.    The Trustee's counsel solicited interest for the remaining assets from the bidders previously interested in the equity of NGIO and Olaregen, and only Purchaser expressed interest in purchasing the Remaining Assets.  Other than Purchaser, only one other remnant buyer expressed interest at a nominal bid amount that does not exceed the value offered by Purchaser.

8.    Accordingly, the Trustee believes the best way to maximize the value of the remaining assets for the benefit of the estate is through a private sale to Purchaser.  A copy of the proposed Asset Purchase Agreement ("APA") is attached to this Motion as **Exhibit 1** hereto.  To purchase the assets of the bankruptcy estate (as more specifically described in the APA, and referred to herein as the "Property"), Purchaser will pay the Trustee $10,000 in cash, waive and/or withdraw the proof of claim of Beijing Youfeng Biological Technology Co., Ltd. in the amount of $55,100,000, and assign to Debtor any and all claims it has against Mazars arising from the Debtor's bankruptcy case or otherwise related to Debtor (collectively, the "Purchase Price").

9.    The litigation claims of the Estate, specifically all claims and causes of action that the Trustee and Debtor's estate possess pursuant to 11 U.S.C. §§ 541, 542, 544, 547, 548, 549, 550, and 551, and all claims and causes of action that the Debtor's estate has or may have against Debtor's former professionals, officers, or directors are expressly excluded from the property being conveyed to Purchaser.

B.    **Relief Requested and Basis for Relief**

Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee seeks to sell the Property to the Purchaser pursuant to the terms of the APA, free and clear of all liens, claims, encumbrances, and interests to the fullest extent possible under applicable law.  Pursuant to Section 363(m) the

3

Trustee seeks a finding that the Purchaser, is a good faith purchaser.[1]  Accordingly, Trustee seeks the entry of an Order, substantially in the same form as the proposed order attached hereto as **Exhibit 2**, authorizing the Trustee to sell and convey the Property, free and clear of liens and interests.

1. **Sale of the Property is Warranted Pursuant to Section 363(f) of the Bankruptcy Code**

The Bankruptcy Code provides that a Trustee may sell property of its estate outside of the ordinary course of its business, subject to the approval of the court, after notice and a hearing.  *See* 11 U.S.C. § 363(b)(1).    Section 363(f) of the Bankruptcy Code authorizes the Trustee to sell property of the estate free and clear of any liens, claims or encumbrances if one of the following is met: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The language of Section 363(f) is in the disjunctive, so that a sale free and clear of interests can be approved if any of the aforementioned conditions is met. *In re Heine*, 141 B.R. 185, 189 (Bankr. D.S.D. 1992); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).  *See also Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018) (the word "or" is "almost always disjunctive.") (quoting *United States v. Woods,* 571 U.S. 31, 45, 134 S.Ct. 557, 187 L.Ed.2d 472 (2013)).

---

[1] The Court previously found Purchaser to be a good faith purchaser related to the prior sale transaction negotiated by and between the Trustee and Purchaser.  The Trustee and Purchaser have separately negotiated over multiple weeks at arm's length related to the APA that is the subject of this Motion.  The Trustee is unaware of any additional connections between Purchaser, the Court, the Debtor, the Trustee, and the Debtor's estate that have not been previously disclosed in connection with the prior transaction.  Accordingly, the Trustee asserts that Purchaser remains a good faith purchaser in connection with the APA and solicits a finding pursuant to 11 U.S.C. Section 363(m) for this transaction.

The Trustee's review of available public records indicates that there does not appear to be any potential claims, liens, interests and other encumbrances relating to the Property. The only known perfected security interest in Debtor's assets that existed as of the Petition Date was held by Oasis Capital, LLC, by reason of the UCC-1 Financing Statement filed on January 25, 2022 with the Delaware Secured Transaction Registry under UCC Filing No. 2022 0669879 ("Oasis UCC-1"). The Oasis UCC-1 was avoided as a preferential transfer in a separate adversary proceeding that was previously adjudicated by this Court. *See Barmat v. Oasis Capital, LLC*, Adv. Pro. No. 23-01081-PDR, ECF Nos. 31, 34. Therefore, Section 363(f)(1) applies, as in the absence of any liens, claims or encumbrances, applicable non-bankruptcy law permits sale of such property free and clear of such interest.

The Trustee requests that the Order further provide that any potential claims, liens, interests and other encumbrances shall attach to the proceeds of the sale of the Property in the order of their priority, with the validity, force and effect that they had as of the Petition Date, if any, against the Property, subject to the rights, claims, defenses and objections of the Trustee and all interested parties with respect to such liens, so that the purchaser of the Property shall take the Property free of all the potential claims, liens, interests and other encumbrances.

## 2.  The Sale Terms Were Negotiated in Good Faith

Although the Bankruptcy Code does not define "good faith purchaser", courts, in construing section 363(m), have stated that the term means "one who buys in good faith, that is, free of any fraud or misconduct and for value and without knowledge of any adverse claim." *In re Stanford*, 17 F.4th 116, 124 (11th Cir. 2021) (citing *Mia. Ctr. Ltd. P'ship v. Bank of N.Y.*, 838 F.2d 1547, 1554 (11th Cir. 1988)).

The APA, and correspondingly, the sale of the Property by the Trustee, is the product of good faith, arm's-length negotiations between the Trustee and Purchaser and is on commercially reasonable terms for value provided, including $10,000 in cash to the Estate, waiver of the largest claim of the estate of $55.1 million, and conveyance of potentially valuable claims against Mazars to the Estate.  The Trustee and the Purchaser, and their respective professionals, negotiated the terms of the APA over the course of conferrals over a period of several weeks.  Further, Purchaser has no connections or affiliations with the Trustee or any of Debtor's principals, and no knowledge of any adverse claim.

The Trustee will have provided notice of the sale to all creditors and interested parties. The Trustee submits that the sale will be for a fair and reasonable price and is conducted in good faith.  In connection therewith, the Trustee submits the Purchaser will have acted in good faith and therefore the Trustee requests that the Order approving this Motion provide appropriate findings and protections pursuant to Section 363(m) of the Bankruptcy Code.

Collectively, the factors evidence that the Trustee's proposed sale of the Property to the Purchaser, without any further delay, is in the best interest of all creditors of the estate

**C.      Form and Manner of Notice**

Pursuant to Bankruptcy Rule 2002(a), the Trustee is required to provide creditors with 21 days' notice of the hearing on this Motion.  Pursuant to Bankruptcy Rule 2002(c), such notice must include the date, time and place of the hearing on this Motion.  The Trustee has served or will serve the Motion on the Debtor, all creditors, and the Office of the United States Trustee.

**D.      Waiver of Stay Period Pursuant to Fed. R. Bankr. P. 6004(h)**

To the extent necessary, the Trustee requests that the Court waive the 14-day stay period pursuant to Fed. R. Bankr. P. 6004(h).

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order substantially in the same form as the order attached hereto as Exhibit 2:

i) granting the Motion,

ii) approving the Asset Purchase Agreement between Trustee and the Purchaser;

iii) authorizing the Trustee to sell the Property at a private sale to Purchaser in accordance with the APA,

iv) approving the form and manner of notice of sale,

v) approving the sale of the Debtor's interest in the Property, free and clear of any potential claims, liens, interests and other encumbrances as set forth herein, and any potential claims, liens, interests and other encumbrances shall attach to the proceeds of the sale of the Property in the order of their priority, with the validity, force and effect that they had as of the Petition Date, if any, against the Property, subject to the rights, claims, defenses and objections of the Trustee and all interested parties with respect to such liens.

vi) granting the Debtor such other and further relief as is proper.

Dated:  December 1, 2023                    Respectfully submitted,

By:___/s/ Eyal Berger_____
Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700
Fax: 954-463-2224

-and-

Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Tel: 561-653-5000
Fax: 561-659-6316

*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and/or by U.S. Mail as listed in the attached service list and creditor matrix.

By: */s/ Eyal Berger*
Eyal Berger, Esq.

73588552;2

## SERVICE LIST

**22-13166-PDR Notice will be electronically mailed to:**

Marc P Barmat
barmat.trustee@furrcohen.com,
mpb@trustesolutions.net

Eyal Berger, Esq. on behalf of Plaintiff Marc Barmat, Trustee
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Trustee Marc P Barmat
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

David C. Cimo, Esq on behalf of Special Counsel David C Cimo
dcimo@cmmlawgroup.com,
mmark@cmmlawgroup.com;ekelly@cmmlawgroup.com;ekelly@ecf.courtdrive.com

Ross R Hartog on behalf of Interested Party Beijing Youfeng Biological Technology, Ltd
rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;lgener@mrthlaw.com;ycandia@mrthlaw.com;rhartog@ecf.courtdrive.com

Mark D. Hildreth, Esq on behalf of Creditor AVEM Medical, L.L.C., f/k/a MediSource Partners, LLC
mhildreth@shumaker.com,
skerrigan@shumaker.com

Mark D. Hildreth, Esq on behalf of Creditor Pantheon Medical - Foot & Ankle, LLC
mhildreth@shumaker.com,
skerrigan@shumaker.com

Mark D. Hildreth, Esq on behalf of Creditor Travis Bird
mhildreth@shumaker.com,
skerrigan@shumaker.com

Zachary P Hyman on behalf of Petitioning Creditor Three Brothers Trading, LLC d/b/a Alternative Execution Group
zach@millenniallaw.com,
jessica@millenniallaw.com;assistant@millenniallaw.com;millenniallawforms@gmail.com

Amanda Klopp on behalf of Plaintiff Marc Barmat, Trustee
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Trustee Marc P Barmat
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Andrew V Layden on behalf of Interested Party Bio & Med Tech Fund of the Future SPV2 LP
alayden@bakerlaw.com,
orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Michael D Lessne on behalf of Creditor Andrew Ro
michael@lessne.law

Michael D Lessne on behalf of Interested Party Bio & Med Tech Fund of the Future SPV2 LP
michael@lessne.law

Marilee A Mark on behalf of Attorney Marilee A. Mark
mmark@cmmlawgroup.com,
ekelly@cmmlawgroup.com;mmark@ecf.courtdrive.com

Barry E. Mukamal
bemtrustee@kapilamukamal.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Zach B Shelomith on behalf of Defendant Oasis Capital, LLC
zbs@lss.law,
info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com

S. Jonathan Vine on behalf of Interested Party Brian S Bernstein
jonathan.vine@csklegal.com,
leslie.vargo@csklegal.com

**VIA U.S. MAIL:**

ATTACHED MAILING MATRIX

Label Matrix for local noticing
113C-0
Case 22-13166-PDR
Southern District of Florida
Fort Lauderdale
Fri Dec  1 11:50:24 EST 2023

AVEM Medical, L.L.C., f/k/a MediSource Partn
c/o Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
Sarasota, FL 34236-6717

BHP Capital NY Inc
45 SW 9th Street
Miami, Fl 33130-3894

Bedford Capital Group, LLC
32 Cutler Road
Greenwich, Ct 06831-2509

Beijing Youfeng Biological Technology, Ltd
c/o Ross R. Hartog, Esq.
Markowitz Ringel Trusty & Hartog PA
101 NE Third Ave., Suite 1210
Fort Lauderdale, F 33301-1147

CT Corporation System
330 N Brand Blvd
Ste 700
Glendale, CA 91203-2336

GS Capital Partners, LLC
1 East Liberty Street, Suite 600
Reno, NV 89501-2110

Generex Biotechnology Corp
10102 USA Today Way
Miramar, Fl 33025-3903

Pantheon Medical - Foot & Ankle, LLC
c/o Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
Sarasota, FL 34236-6717

Three Brothers Trading, LLC d/b/a Alternativ
c/o Zachary Hyman
501 E. Las Olas Blvd Suite 200/308
Fort Lauderdale, Fl 33301-2881

AA Advance Air, Inc
1920 N.W. 32nd St.
Pompano Beach, FL 33064-1335

AAA American Arbitration Ass.
120 Broadway
Floor 21
New York NY 10271-2700

AVEM Medical, L.L.C. f/k/a MediSource Partne
Mark D. Hildreth, Esq,
PO Box 49948
Sarasota, FL 34230-6948

American Arbitration Association
120 Broadway
Floor 21
New York NY 10271-2700

Andrew Ro
207 East 27th Street Apt 5J
New York, NY 10016-9133

Andrew Ro
c/o Lessne Law
Attn: Michael Lessne
100 SE 3rd Ave, 10th Floor
Fort Lauderdale, FL 33394-0002

BHP Capital NY Inc
Attn: Bryan Pantofel, President
45 S.W. 9th Street
Miami, FL 33130-3894

Beijing Youfeng International Consulting Co.
1990 M Street, NW
Suite 660
Washington DC 20036-3417

Brooks Houghton & Company Inc.
One Stamford Plaza
9th Floor
Stamford, CT 06901-3271

CDW
Attn: Ronelle Erickson
200 N Milwaukee Ave.
Vernon Hills, IL 60061-1577

Carmel, Milazzo & Feil LLP
55 West 39th Street
18th Floor
New York NY 10018-3860

Creek Mountain Partners, Inc.
c/o Lorium PLLC
197 South Federal Highway, Suite 200
Boca Raton, FL 33432-4946

Discover Growth Fund LLC
5330 Yacht Haven Grande
Ste. 206
St Thomas, VI 00802-5028

Donohoe Advisory Associates LLC
9901 Belward Campus Drive #175
Rockville MD 20850-4085

Dr. Jason Bradley Terrell
13508 Lone Rider Trl
Austin, TX 78738-6422

GH Care, Inc. DBA ALTuCELL, Inc.
561 Acorn Street
Unit I
Deer Park NY 11729-3600

GS Capital Partners, LLC
Mendy Piekarski, General Counsel
1 East Liberty Street
Reno, NV 89501-2110

GediWeb Solutions
4581 Weston Rd, #292
Fort Lauderdale, FL 33331-3141

HMBL Consulting LLC
9224 Meadowglen Drive
Dallas, TX 75238-3333

HostGator.com
5005 Mitchelldale Suite #100
Houston, TX 77092-7234

Intrado Digital Media LLC
11808 Miracle Hills Drive
Omaha, NE 68154-4403

James H. Anderson, Jr. M.D.
c/o Diabetes and Cardiometabolic Disease
Solutions Group LLC
969 Keystone Way
Carmel, IN 46032-3000

Jefferson Street Capital LLC
900 Monroe Street
Suite 908
Hoboken NJ 07030-6297

Klestadt Winters Jureller Southard & Stevens
200 W. 41st Street
17th Floor
Attn: Sean C. Southard
New York, NY 10036-7219

MD Hanif
c/o BioPharma Services Inc
4000 Weston Rd,
Toronto, Ontario
M9L 3A2, Canada

Marshal Schichtman And Associates PC
1 Old Country Road Ste 360
Carle Place NY 11514-1851

Mediant Communications Inc.
17 State Street
New York NY 10004-1501

NSABP Foundation, Inc.
Nova Tower 2
2 Allegheny Center, Suite 1200
Pittsburgh, PA 15212-5407

NSABP Foundation, Inc.
Nova Tower 2
Two Allegheny Center, Ste. 1200
Pittsburgh PA 15212-5407

Nola Masterson
768 West California Way
Redwood City, CA 94062-4057

Oasis Capital, LLC
Adam Long
411 Dorado Beach
East Dorado, Puerto Rico 00646-2223

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pantheon Medical - Foot & Ankle, LLC
Mark D. Hildreth, Esq.
PO Box 49948
Sarasota, FL 34230-6948

Pierce Atwood LLP
Merrills Wharf
254 Commercial Street
Portland, ME 04101-1110

Piper Sandler Companies
800 Nicollet Mall
Suite 900
Minneapolis MN 55402-2553

RGN Regus
4145 North Service Road, 2nd Floor
Burlington, ON L7L6A3

(p)RK CONSULTANTS  LLC
ATTN KARL KNECHTEL
1178 BROADWAY
NEW YORK NY 10001-5404

Richard D. Purcell
c/o DNA Healthlink, Inc.
68 White Street, Ste. 197
Red Bank NJ 07701-1656

Ryniker Consultants, LLC
151 Dubois Avenue
Sea Cliff, NY 11579-1821

Sean C. Southard
Klestadt Winters Jureller Southard & Ste
200 W. 41st Street
17th Floor
New York, NY 10036-7219

Sheryl P. Giugliano
Ruskin Moscou Faltischek, P.C.
1425 RXR Plaza
Uniondale, NY 11556-3807

Sichenzia Ross Ference
1185 Avenue of the Americas, 37th Floor
New York, NY 10036-2603

SimpleSEC
9911 Rose Commons Drive, #E770
Huntersville, NC 28078-0323

State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor
New York, NY 10018-0947

The CFO Squad, LLC
46 Main Street
Suite 119
Monsey, NY 10952-3056

Thermo Fischer Scientific
168 Third Avenue
Waltham, MA 02451-7551

Three Brothers Trading, LLC d/b/a
Alternative Execution Group
Attn: Richard Alter, Member
708 Third Avenue
New York NY 10017-4201

Three Brothers Trading, LLC, d/b/a Alternati
c/o Sheryl P. Giugliano, RMF PC
1425 RXR Plaza
Uniondale, NY 11556-1425

Travis Bird
Mark D. Hildreth, Esq.
PO Box 49948
Sarasota, FL 34230-6948

Anthony Crisci
39 Russett Road
Sandy Hook, CT 06482-1432

Barry E. Mukamal
KapilaMukamal, LLP
1000 S Federal Hwy, Ste 200
Fort Lauderdale, FL 33316-1237

Brian S Bernstein
c/o Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401-6146

David C Cimo
255 Alhambra Circle
Suite 1160
Coral Gables, FL 33134-7415

Jason Terrell
13508 Lone Rider Trail
Austin, TX 78738-6422

Marc P Barmat
www.barmattrustee.com
2255 Glades Rd Suite 419A
Boca Raton, FL 33431-7379

Marilee A. Mark
Cimo Mazer Mark PLLC
255 Alhambra Circle #1160
Coral Gables, FL 33134-7415

Richard Purcell
65 Fair Haven Rd
Fair Haven, NJ 07704-3342

Sherryl P Giuggliano
1425 RXR Plaza East Tower 15 fl.
Uniondale, NY 11556-1425

Terry Thompson
845 Clay Place
Spring Hill, TN 37174-3220

Travis Bird
c/o Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
Sarasota, FL 34236-6717

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

RK Consultants LLC
1178 Broadway
3rd Floor #1505
New York, NY 10001

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Beijing Youfeng Biological Technology Co L
8 Yard
Xingiong Middle Street
Gaobeidian

(u)Bio & Med Tech Fund of the Future SPV2 LP

(u)Alpha Capital Anstalt
LETTSTRASSE 32
FL-9490
VADUZ N2

(u)Patentpross

(d)Sean C. Southard
Klestadt Winters Jureller Southard & Ste
200 W. 41st Street, 17th Floor
New York, NY 10036-7219

(u)Andrew Ro

End of Label Matrix
Mailable recipients    70
Bypassed recipients     6
Total                  76

Exhibit 1

**ASSET PURCHASE AGREEMENT**

THIS ASSET PURCHASE AGREEMENT ("Agreement") is entered into by and between Marc P. Barmat in his representative capacity as chapter 7 trustee ("Trustee") for Generex Biotechnology Corporation ("GNBT") and Beijing Youfeng Biological Technology Co., Ltd. and/or its designee(s) ("Buyer"). Trustee and Buyer shall collectively be referred to as the "Parties."

| | |
|---|---|
| **Effective Date:** | The date that the Agreement is fully executed by the Parties. |
| **Assets:** | All remaining and unadministered assets of GNBT including but not limited to the securities and intellectual property identified on Schedule "A" annexed hereto (the "Assets"), save and except for the Excluded Assets. |
| **Excluded Assets:** | The extant or prospective judicial or administrative actions, suits, or proceedings identified on Schedule "B" annexed hereto (the "Excluded Assets"). |
| **Buyer:** | Beijing Youfeng Biological Technology Co., Ltd. and/or its designee(s). |
| **Seller:** | Marc P. Barmat as Chapter 7 Trustee of GNBT. |
| **Consideration:** | Consideration for the purchase will be: |

(a)  Buyer will pay GNBT $10,000.00 in cash;

(b)  Buyer will waive and/or withdraw the proof of claim filed by Beijing Youfeng Biological Technology Co., Ltd.; and

(c)  Buyer will assign to GNBT any and all claims it may have against Mazars arising from the GNBT bankruptcy case or otherwise related to GNBT.

| | |
|---|---|
| **Financing:** | None. |
| **Deposit:** | $10,000.00. |
| **Broker/Commission:** | No broker or finder is involved in this transaction and no brokerage or finders' fees or other commissions shall be due or payable on the sale. |
| **Conditions:** | The instant offer is conditioned on the following: |

(a)  Opportunity for Buyer to inspect the Assets and conduct

Page **1** of **5**

reasonable due diligence including, but not limited to, access to the existing Trustee Data Room (subject to a reasonable non-disclosure agreement, which has already been executed); and

(b)    Entry of a final, non-appealable Court order in a form acceptable to Buyer authorizing, among other things, the sale of the Assets to Buyer free and clear of all liens, claims, and encumbrances as contemplated by 11 U.S.C. § 363(f) and making findings of good faith under 11 U.S.C. § 363(m).

**Closing:**    Closing shall take place on a date (the "<u>Closing Date</u>") within five (5) business days of the Court order approving the sale.

**Delivery:**    Upon approval of the sale of the Assets, the Trustee will turn over the Assets to Buyer (or its designee(s)) and execute documents transferring title to the Assets to Buyer including, but not limited to, deeds, bills of sale, certificates of title, assignments of equity, assignments of claims, patent assignments, assignments of intellectual property rights, assignments of contracts, and other such documents as may be necessary or appropriate.

In witness hereof, the parties have executed this Asset Purchase Agreement as of the Effective Date.

**Chapter 7 Trustee**

_____

**Marc P. Barmat, Trustee**

**Beijing Youfeng Biological Technnology, Cop., Ltd.**

**By:** _____

**Wang Xiaoyan**
**Chairperson**

Schedule "A"

<u>**LIST OF ASSETS**</u>

**Securities:**            All of the issued and outstanding equity and debt securities of which GNBT is the registered or beneficial owner or indirect beneficial owner on Closing including, without limitation, the issued and outstanding equity and debt securities of each of the following entities:

- Generex Pharmaceuticals Inc.

- 1097346 Ontario Inc.

- Generex (Bermuda), Inc.

- NuGenerex Diagnostics, Inc. (or LLC)

- Rapid Medical Diagnostics Corporation

- High Desert Diagnostic Laboratory, Inc.

- GNBTELC, LLC 

- NuGenerex Distribution Solutions, LLC

- NuGenerex Distribution Solutions 2, LLC 

- NuGenerex Management Services, Inc.

- Pantheon F & A, LLC 

- NuGenerex Surgical Holdings, LLC

- NuGenerex Health, LLC

- NuGenHealth LLC

- NuGenerex HMO, LLC

- NuGenerex MSO, LLC

- NuGenerex Medical Marketing, LLC

- NuGenerex Therapeutics Holding, LLC

- Regentys Corporation

Page **3** of **5**

- GH Care, Inc. d/b/a ALTuCELL

- ALTuCELL, Inc.

- NuGenerex DME Holdings, LLC

- DMEiq, LLC d/b/a DME-IQ

- Rapport Services, LLC

- NMSIELC, LLC

**Intellectual Property:**     All trade secrets, research data, designs, proprietary know-how, technical information, specifications, and materials in whatever form or media recording or evidencing technology or proprietary information used in or related to the business carried on by GNBT, and all rights and interests in and to all inventions, patents, applications for patents, copyrights, trademarks, trademark registrations, trade names, logos, industrial designs, domain names, and other intellectual property used in or relating to the business carried on by GNBT at any time prior to the Closing Date, and all computer software used in the business carried on by GNBT at any time prior to the Closing Date including all related code, specifications, documentation, revisions, enhancements, and modifications thereto, in whatever form and media, including, without limitation:




- Buccal delivery technology including, without limitation, Generex Oral-lyn™ (buccal insulin), Oral-Lyn 2, RapidMist™ buccal delivery technology, and the Oral-lyn Safety Database

**Schedule "B"**

**LIST OF EXCLUDED ASSETS**

1.      All of the Estate's claims (as such term is defined pursuant to 11 USC Section 101(5)) and causes of action, including expressly all claims and causes of actions that the Trustee and the Debtor's estate possess pursuant to 11 USC Sections 541, 542, 544, 547, 548, 549, 550, and 551.  For the avoidance of all doubt, any claims or causes of action that the Debtor's estate has or may have against Debtor's former professionals, officers, or directors are expressly excluded from any conveyance.  For the further avoidance of all doubt, any claims or causes of action, if any, the Trustee or the Debtor's estate has or may have against Buyer or its affiliates are not excluded from the conveyance and will be conveyed to Buyer.

2.      Executory contracts to the extent that they were not already rejected pursuant to 11 USC Section 365(d).



Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

IN RE:                                                                    Chapter 7

GENEREX BIOTECHNOLOGY CORP,                                Case No. 22-bk-13166-PDR

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SALE OF ASSETS OF
ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

      THIS MATTER came before the Court for hearing on _____, 2023 at _____

p.m. ("Hearing"), upon the motion (the "Motion") (ECF ___) of Marc Barmat, Chapter 7 Trustee

("Trustee") of Generex Biotechnology Corp. (the "Debtor") seeking the entry of an order

approving the sale of the assets of the Debtor as more specifically described in the APA[1]

annexed as Exhibit 1 to the Motion, and referred to herein as the "Property", free and clear of all

liens, claims, encumbrances, and interests of any kind.  The Court, having reviewed the Motion,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

having heard arguments of counsel, and being otherwise fully advised in the premises, for the reasons stated on the record, the Court hereby:

**FINDS AND DETERMINES THAT**:

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.[2]

B.     The Court has jurisdiction over this matter and over the property of the Debtor pursuant to 28 U.S.C. §§ 157(a) and 1334, venue is proper in this district pursuant to 28 U.S.C. § 1408, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.     The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, and 363 and Federal Rule of Bankruptcy Procedure 6004.

D.     Good and sufficient notice of the relief sought in the Motion has been given in accordance with Bankruptcy Rule 2002, and no other or further notice is or shall be required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties-in-interest.

E.     The marketing of the Property, and sale process that was conducted by the Trustee was fair and reasonable under the circumstances.

F.     Based on the proffers at the Hearing, the APA was proposed and entered into by the Trustee and Purchaser without collusion, in good faith, and from arm's length bargaining positions.  The Purchaser is a purchaser in good faith under 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded thereby.  The Trustee and the Purchaser are proceeding in good faith, and the sale contemplated herein is being proposed in good faith.

G.     The Purchaser is unrelated to the Trustee, the U.S. Trustee, the Court, or any of Debtor's current or former management, officers or directors.

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

H.       There is a sound business justification for the sale of the Property, and the Purchase Price is fair and reasonable.

I.       A sale pursuant to 11 U.S.C. § 363(b) and (f) is the only current viable alternative for preserving and capturing the value of the Property for the benefit of the Debtor's estate.

J.       The APA and the transactions thereunder or in connection therewith are not being entered into to escape liability for the estate's debts.

K.       The Trustee's review of available public records indicates that there does not appear to be any potential claims, liens, interests and other encumbrances relating to the Property.

L.       Any potential claims, liens, interests, and encumbrances shall attach to the proceeds of the sale of the Property in the order of their priority, with the validity, force, and effect that they had as of the Petition Date, if any, against the Property, subject to the rights, claims, defenses and objections of the Trustee and all interested parties with respect to such liens, so that the Purchaser of the Property shall take the Property free of all the potential claims, liens, interests and other encumbrances.

M.       Accordingly, the sale of the Property free and clear of all liens, claims, interests, and encumbrances (except as stated) is appropriate pursuant to 11 U.S.C. § 363(f)(2).

**ORDERS AND ADJUDGES THAT**:

1.       The Motion (ECF ___) is **GRANTED** as set forth herein.

2.       Any interested party that has not filed a written objection to the Motion is deemed to consent to the sale of the Debtor's Property to the Purchaser.

3.       The APA is hereby **APPROVED**.

4.      Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell, assign, transfer, and convey to the Purchaser or its designee, successor, or assigns all of the right title and interest of the Trustee and the bankruptcy estate in and to the Property in accordance with the APA.

5.      The Trustee and the Purchaser or its designee, successor, or assigns are hereby **AUTHORIZED** to execute, deliver, perform, consummate, implement, and carry out the actions reasonably necessary to consummate and carry out the APA.

6.      Upon payment of the Purchase Price, the transfer of the Property shall be a legal, valid, and effective transfer and shall vest the Purchaser with all of the Trustee's and the bankruptcy estate's right, title, and interest in same.

7.      The provisions of this Order shall be binding upon and inure to the benefit of the Purchaser and the Trustee and their respective successors and assigns.  No third parties are intended to be or shall be deemed to be third party beneficiaries of this Order.

8.      The sale and transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale and any transactions related to the sale shall not affect the validity of the sale to the Purchaser or its assigns, unless such authorization is duly stayed pending such appeal consistent with 11 U.S.C. § 363(n).  The Purchaser is a purchaser in good faith and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

9.      Pursuant to 11 U.S.C. § 363(f)(1), and except as otherwise provided herein, upon entry of this Order and compliance with the requirements to close set forth herein and in the APA, the transfer of the Debtor's right, title, and interests in the Property to the Purchaser is, in

all respects, free and clear of all liens, claims, interests or encumbrances of any kind or nature whatsoever.

10.     Any liens, claims, interests, or encumbrances which may exist on the Property shall attach to the net proceeds of the sale of the Property in the order of their priority, with the validity, force and effect that they now have, if any, against the Property, subject to the rights, claims, defenses and objections of the Trustee and all interested parties with respect to such liens, claims, interests, or encumbrances.

11.     The Purchaser is authorized to execute any document necessary to release, extinguish, discharge, or avoid any liens, claims, interests, or encumbrances any party continues to assert against the Property subsequent to the entry of this Order and the closing of the sale, in the event the holder of such lien, claim, interest or encumbrance, does not execute the appropriate termination.

12.     The Purchaser is authorized to obtain any further order from this Court to release, extinguish, discharge, or avoid any liens, claims, interests or encumbrances any party continues to assert against the Property, or the Purchaser, subsequent to the entry of this Order.

13.     All persons and entities asserting liens, claims, interests or encumbrances against the Property are hereby enjoined from continuing to assert such liens, claims, interests or encumbrances against the Property or the Purchaser subsequent to the entry of this Order.

14.     All other terms and conditions set forth in the APA are incorporated herein by reference.  The failure to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety, as set forth herein.

15.     Subject to the terms of this Order and the APA, the Trustee is authorized and directed to execute, deliver, receive, exchange and record any and all documents and instruments necessary to effectuate the sale and transfer of the Property pursuant to the terms of the APA.

16.     The Trustee has full power and authority and the Trustee is instructed to execute the documents contemplated in the APA including without limitation any conveyance deeds and bill of sale, together with any other documents as may reasonably be required to implement and consummate the sale of the Property by the Trustee to the Purchaser and the transactions contemplated under the APA, which actions have been duly and validly authorized by the Trustee, and the Trustee has all the power and authority necessary to consummate the transactions contemplated in this Order.

17.     Any and all transfer agents are instructed to execute such documents necessary to complete the sale of the Property contemplated in the APA, including to register the shares in the name of the Purchaser or the Purchaser's nominee.

18.     Each and every federal, state, local, municipal, or other governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the sale, the APA, and this Order.

19.     The Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments and modifications thereto, and of each of the agreements executed in connection therewith in all respects through and after the Closing Date, including, but not limited to, retaining jurisdiction to: a) subject to the terms and conditions of the APA and this Order, compel delivery of the Property to the Purchaser or its assigns; b) compel delivery of the Purchase Price by the Purchaser, or its assigns, or performance of other obligations of the Purchaser, or its assigns, contained in the APA; c) compel performance of all obligations of the

6

Trustee or Purchaser contained in the APA; d) resolve any disputes arising under or related to the APA, except as otherwise provided therein; and e) interpret, implement, and enforce the provisions of this Order, including this paragraph.

20.    The Court expressly waives the stay requirement enumerated in Federal Rule of Bankruptcy Procedure 6004(h) such that entry of this Order shall not be subject to an automatic fourteen (14) day stay and such that this Order is effective immediately.  Notwithstanding the possible applicability of Federal Rule of Bankruptcy 7062, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.    The Trustee shall immediately serve a copy of this Order and the APA pursuant to Bankruptcy Rules 6004(a), (c), and 2002(a)(2) upon: a) the Office of the United States Trustee; b) all creditors of the Debtor listed in the schedules or that have filed a proof of claim; c) all interest holders asserting a claim, lien, encumbrance or interest on or in the Debtor's assets; and d) all parties who have requested notices pursuant to Rule 2002.

# # #

Submitted by:

Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700
Fax: 954-463-2224

*Attorney Berger is directed to serve a conformed copy of this order on all interested parties.*