**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| GENEREX BIOTECHNOLOGY CORP, | Case No. 22-13166-PDR |
| Debtor. _____/ | |

**TRUSTEE'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**

Chapter 7 Trustee, Marc Barmat ("Trustee") of the bankruptcy estate of Generex Biotechnology Corp. ("Debtor"), by and through his undersigned counsel, files this motion for issuance of letters rogatory to permit Trustee to obtain Debtor's records from Canadian bank, Royal Bank of Canada, and in support hereof states as follows:

1. **Subjects of the Requested Discovery:** Trustee seeks to obtain documents from Royal Bank of Canada ("RBC") concerning Debtors accounts and credit cards held at RBC.

2. **Summary of Pertinent Background:** On April 23, 2022 ("Petition Date"), Three Brothers Trading, LLC, GS Capital Partners, LLC, BHP Capital NY, Inc., Beijing Youfeng Biological Technology Co., Ltd. and Bedford Capital Group LLC ("Original Petitioning Creditors") filed an involuntary petition as to Generex Biotechnology Corp ("Debtor") for relief under title 11 of the United States Code commencing this case. (ECF 1.) On May 12, 2022, Avem Medical, L.L.C., f/k/a MediSource Partners, LLC, Pantheon Medical – Foot & Ankle, LLC and Travis Bird filed an election to join the involuntary Chapter 7 Petition. (ECF 8.) On June 6, 2022, an Order for Relief was entered. (ECF 17.) On June 7, 2022, the Trustee was duly appointed as the Chapter 7 Trustee responsible for administering the Debtor's estate. (ECF 18.) Under the Bankruptcy Code, the Trustee must fulfill his duties to "investigate the financial affairs of the debtor", *see* 11 U.S.C. § 704(a)(4), and "collect and reduce to money

73374427;1

the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," *see* 11 U.S.C. § 704(a)(4). Since the commencement of the case, the Trustee has been in the process of obtaining books and records of the Debtor from various third parties, including from all financial institutions at which Debtor was known or believed to hold an interest in bank accounts. RBC was identified as one such financial institution according to the Quickbooks of Debtor and Debtor's representatives. The Trustee sent a letter request to RBC for control and access over, and records for, any accounts in which Debtor or its subsidiaries, but to date has not received any response. The Trustee also sent requests to Debtor's former officers and directors, and they advised that only the CEO Joseph Moscato had access to the bank accounts. The Trustee sent a subpoena for the requested RBC records to Joseph Moscato, but Mr. Moscato is now deceased.

3.     **Necessity and Relevance of the Discovery:** Discovery from RBC as to the records for bank accounts in which Debtor or its subsidiaries hold any interest is necessary for the Trustee to fulfill his duties to "investigate the financial affairs of the debtor", *see* 11 U.S.C. § 704(a)(4), and "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," *see* 11 U.S.C. § 704(a)(4). Trustee has endeavored to obtain this discovery voluntarily through RBC and Debtor's corporate representatives, as well as Debtor's professional auditors, but those efforts have not been successful. To date, Trustee has been unable to obtain complete records for any of Debtor's, or its subsidiaries', bank accounts at RBC.

4.     **Scope of Discovery Sought:** Specifically, Trustee seeks the following from RBC:

73374427;1

      a.    Bank statements, Additional Documentation, and account opening documents and signature cards for the following accounts[1]:

      i.    Royal Bank of Canada account XXXXX XXX-087-1 in name of Generex Biotechnology Corporation (EIN #98-0178636), for the time periods of April 24, 2018 through December 30, 2018, and February 1, 2019 through present.

      ii.    Royal Bank of Canada account XXXXX XXX-764-7 in name of Generex Biotechnology Corporation (EIN #98-0178636) for the time periods of April 24, 2018 through December 30, 2018 and February 1, 2019 through present.

      iii.    Any other bank accounts in the name of Generex Biotechnology Corporation (EIN #98-0178636) for the time periods of April 24, 2018 to present.

      iv.    Royal Bank of Canada account XXXXXX2391 in the name of Generex Pharmaceuticals, Inc for the time periods of April 24, 2018 to present.

      b.    Bank account statements, and Additional Documentation for the time period of April 24, 2018 through present, and account opening documents and signature cards, for all accounts in which the following wholly-owned subsidiaries of Debtor, Generex Biotechnology Corp. (TIN: 98-0178636) have any interest, solely or jointly with any other person or entity, including the following entities:

      i.    1097346 Ontario, Inc.

      ii.    DMEiq, LLC d/b/a DME-IQ

---

[1] The full account numbers referenced herein are redacted for privacy purposes and the complete account numbers will be provided to Royal Bank of Canada.

73374427;1

      iii.  Generex Pharmaceuticals, Inc.

      iv.  GNBTELC, LLC

      v.  High Desert Diagnostic Laboratory, Inc.

      vi.  NMSIELC, LLC

      vii.  Nugenerex Diagnostics, Inc.

      viii.  NuGenerex Distribution Solutions, LLC

      ix.  Nugenerex Distribution Solutions 2, LLC

      x.  NuGenerex Health, LLC

      xi.  NuGenerex HMO, LLC

      xii.  Nugenerex Management Services, Inc.

      xiii.  Nugenerex Surgical Holdings, LLC

      xiv.  Nugenerex Therapeutics

      xv.  Olaregen Therapeutix, Inc.

      xvi.  Pantheon F & A, LLC

      xvii.  Rapid Medical Diagnostics Corporation

      xviii.  Rapport Services, LLC

The above entities are referred to as the "Debtor's Subsidiaries".

    c.  Bank statements and Additional Documentation for the time period of April 24, 2018 through present, and account opening documents and signature cards, for all accounts in which the majority-controlled subsidiaries of Debtor, Generex Biotechnology Corp. (TIN: 98-0178636) have any interest, solely or jointly with any other person or entity, including the following entities:

      i.  NuGenerex MSO, LLC

73374427;1

      ii.   NuGenerex Immuno-Oncology, Inc.

      iii.  Regentys Corporation

      iv.  NuGenHealth, LLC

The above entities are referred to as the "Debtor's Majority-Owned Subsidiaries".

      d.    Statements for any credit card account in the name of Generex Biotechnology Corporation (EIN #98-0178636), any of the Debtors' Subsidiaries, or Debtor's Majority-Owned Subsidiaries, for the time period of April 24, 2018 through present.

      e.    For purposes of this request, "Additional Documentation" means bank supporting documents that include but not limited to deposit slips with underlying support, complete copies of all canceled checks (front and bank), wire and transfer confirmations, debit memos and withdrawals with underlying support, credit memos with underlying support, and ACH settlement transaction history report containing complete beneficiary or originator, their account number, and the banking institution.

      5.    **Need for Issuance of Letters Rogatory:**  Canada is not a signatory to the Hague Convention on the Taking of Evidence or other procedural mechanism by which discovery can be readily obtained in foreign jurisdictions for use in an U.S. action.  Instead, in order to obtain records from Canadian entity like Royal Bank of Canada, the Court must issue a Request for International Judicial Assistance ("Letters Rogatory").  The Letters Rogatory issued by the Court requests the assistance of the Canadian court in securing the bank account and credit card records of Debtor.  Attached as **Exhibit "A"** is a proposed draft of Letters Rogatory to the Canadian court addressing the requested discovery.

73374427;1

**WHEREFORE**, Chapter 7 Trustee, Marc Barmat respectfully requests that this Court: (1) grant the instant Motion, (2) issue the Letters Rogatory to the Canadian court attached hereto as **Exhibit "A,"** and (3) grant such further and additional relief as is just and proper.

Dated: January 5, 2024

Respectfully submitted,

By: */s/ Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Tel: 561-653-5000
Fax: 561-659-6316

-and-

Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700
Fax: 954-463-2224

*Counsel for the Trustee*

73374427;1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as reflected in the below service list.

                                         */s/ Amanda Klopp*
                                         Amanda Klopp, Esq.

**SERVICE LIST**

**22-13166-PDR Notice will be electronically mailed to:**

Marc P Barmat
barmat.trustee@furrcohen.com, mpb@trustesolutions.net

Eyal Berger, Esq. on behalf of Plaintiff Marc Barmat, Trustee
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Trustee Marc P Barmat
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

David C. Cimo, Esq on behalf of Special Counsel David C Cimo
dcimo@cmmlawgroup.com,
mmark@cmmlawgroup.com;ekelly@cmmlawgroup.com;ekelly@ecf.courtdrive.com

Ross R Hartog on behalf of Interested Party Beijing Youfeng Biological Technology, Ltd
rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;lgener@mrthlaw.com;ycandia@mrthlaw.com;rhartog@ecf.courtdrive.com

Mark D. Hildreth, Esq on behalf of Creditor AVEM Medical, L.L.C., f/k/a MediSource Partners, LLC
mhildreth@shumaker.com, skerrigan@shumaker.com

Mark D. Hildreth, Esq on behalf of Creditor Pantheon Medical - Foot & Ankle, LLC
mhildreth@shumaker.com, skerrigan@shumaker.com

73374427;1

Mark D. Hildreth, Esq on behalf of Creditor Travis Bird
mhildreth@shumaker.com, skerrigan@shumaker.com

Zachary P Hyman on behalf of Petitioning Creditor Three Brothers Trading, LLC d/b/a Alternative Execution Group
zach@millenniallaw.com, jessica@millenniallaw.com;assistant@millenniallaw.com;millenniallawforms@gmail.com

Amanda Klopp on behalf of Plaintiff Marc Barmat, Trustee
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Trustee Marc P Barmat
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Andrew V Layden on behalf of Interested Party Bio & Med Tech Fund of the Future SPV2 LP
alayden@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Michael D Lessne on behalf of Creditor Andrew Ro
michael@lessne.law

Michael D Lessne on behalf of Interested Party Bio & Med Tech Fund of the Future SPV2 LP
michael@lessne.law

Marilee A Mark on behalf of Attorney Marilee A. Mark
mmark@cmmlawgroup.com, ekelly@cmmlawgroup.com;mmark@ecf.courtdrive.com

Barry E. Mukamal
bemtrustee@kapilamukamal.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Zach B Shelomith on behalf of Defendant Oasis Capital, LLC
zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com

S. Jonathan Vine on behalf of Interested Party Brian S Bernstein
jonathan.vine@csklegal.com, leslie.vargo@csklegal.com

73374427;1

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

In re:                                                                                              Chapter 7

GENEREX BIOTECHNOLOGY CORP,                                 Case No. 22-13166-PDR

        Debtor.
_____/

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**(LETTERS ROGATORY)**

The United States Bankruptcy Court for the Southern District of Florida presents its compliments to the appropriate judicial authority of Canada, and requests international judicial assistance to obtain evidence to be used in a bankruptcy proceeding before this Court in the above captioned matter.

**I.  REQUEST**

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Canada compel Royal Bank of Canada to produce, to the Trustee of Debtor's estate, records for all of the Debtor's, and its

73374961;1

subsidiaries', bank accounts or credit cards at RBC for the four-year period prior to the filing of the bankruptcy of Debtor.

**II.     FACTS OF THE CASE**

This legal proceeding involves the Chapter 7 bankruptcy case of Generex Biotechnology Corp. ("Debtor").  On April 23, 2022 ("Petition Date"), Three Brothers Trading, LLC, GS Capital Partners, LLC, BHP Capital NY, Inc., Beijing Youfeng Biological Technology Co., Ltd. and Bedford Capital Group LLC ("Original Petitioning Creditors") filed an involuntary petition as to Debtor for relief under title 11 of the United States Code commencing this case. (ECF 1.) On May 12, 2022, Avem Medical, L.L.C., f/k/a MediSource Partners, LLC, Pantheon Medical – Foot & Ankle, LLC and Travis Bird filed an election to join the involuntary Chapter 7 Petition. (ECF 8.) On June 6, 2022, an Order for Relief was entered. (ECF 17.) On June 7, 2022, the Trustee Marc Barmat (the "Trustee") was duly appointed as the Chapter 7 Trustee responsible for administering the Debtor's estate. (ECF 18.)  Under the Bankruptcy Code, the Trustee must fulfill his duties to "investigate the financial affairs of the debtor", *see* 11 U.S.C. § 704(a)(4), and "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," *see* 11 U.S.C. § 704(a)(4).  Since the commencement of the case, the Trustee has been in the process of obtaining books and records of the Debtor from various third parties, including from all financial institutions at which Debtor was known or believed to hold an interest in bank accounts.  RBC was identified as one such financial institution according to the Quickbooks of Debtor and Debtor's representatives.  The Trustee sent a letter request to RBC for control and access over, and records for, any accounts in which Debtor or its subsidiaries, but to date has not received any response.  Trustee has endeavored to obtain this discovery voluntarily through RBC and Debtor's

corporate representatives, as well as Debtor's professional auditors, but those efforts have not been successful. The Trustee has subpoenaed the former CEO of Debtor, Joseph Moscato, who was the only person known to have access to Debtor's bank accounts, but he is recently deceased. Upon inquiry from the Trustee, no other former officers or directors of Debtor have admitted to having access to the Debtor's bank accounts at RBC. To date, Trustee has been unable to obtain complete records for any of Debtor's, or its subsidiaries', bank accounts or credit cards at RBC. The statute of limitations for certain causes of action expires after April 23, 2024, therefore necessitating the bank records be produced without delay from RBC.

### III. SUBJECT MATTER OF DOCUMENT REQUESTS

RBC held deposit accounts of Debtor and one or more of its wholly-owned or majority owned subsidiaries, and Debtor had one or more credit cards issued by RBC. Therefore, the following documents are requested:

a. Bank statements, Additional Documentation, and account opening documents and signature cards for the following accounts[1]:

  i. Royal Bank of Canada account XXXXX XXX-087-1 in name of Generex Biotechnology Corporation (EIN #98-0178636), for the time periods of April 24, 2018 through December 30, 2018, and February 1, 2019 through present.

  ii. Royal Bank of Canada account XXXXX XXX-764-7 in name of Generex Biotechnology Corporation (EIN #98-0178636) for the time periods of April 24, 2018 through December 30, 2018 and February 1, 2019 through present.

---

[1] The full account numbers referenced herein are redacted for privacy purposes and the complete account numbers will be provided to Royal Bank of Canada.

3

      iii.    Any other bank accounts in the name of Generex Biotechnology Corporation (EIN #98-0178636) for the time periods of April 24, 2018 to present.

      iv.    Royal Bank of Canada account XXXXXX2391 in the name of Generex Pharmaceuticals, Inc for the time periods of April 24, 2018 to present.

    b.    Bank account statements, and Additional Documentation for the time period of April 24, 2018 through present, and account opening documents and signature cards, for all accounts in which the following wholly-owned subsidiaries of Debtor, Generex Biotechnology Corp. (TIN: 98-0178636) have any interest, solely or jointly with any other person or entity, including the following entities:

      i.    1097346 Ontario, Inc.

      ii.    DMEiq, LLC d/b/a DME-IQ

      iii.    Generex Pharmaceuticals, Inc.

      iv.    GNBTELC, LLC

      v.    High Desert Diagnostic Laboratory, Inc.

      vi.    NMSIELC, LLC

      vii.    Nugenerex Diagnostics, Inc.

      viii.    NuGenerex Distribution Solutions, LLC

      ix.    Nugenerex Distribution Solutions 2, LLC

      x.    NuGenerex Health, LLC

      xi.    NuGenerex HMO, LLC

      xii.    Nugenerex Management Services, Inc.

      xiii.    Nugenerex Surgical Holdings, LLC

    xiv.   Nugenerex Therapeutics

    xv.   Olaregen Therapeutix, Inc.

    xvi.   Pantheon F & A, LLC

    xvii.   Rapid Medical Diagnostics Corporation

    xviii.   Rapport Services, LLC

The above entities are referred to as the "Debtor's Subsidiaries".

    c.   Bank statements and Additional Documentation for the time period of April 22, 2018 through present, and account opening documents and signature cards, for all accounts in which the majority-controlled subsidiaries of Debtor, Generex Biotechnology Corp. (TIN: 98-0178636) have any interest, solely or jointly with any other person or entity, including the following entities:

    i.   NuGenerex MSO, LLC

    ii.   NuGenerex Immuno-Oncology, Inc.

    iii.   Regentys Corporation

    iv.   NuGenHealth, LLC

The above entities are referred to as the "Debtor's Majority-Owned Subsidiaries".

    d.   Statements for any credit card account in the name of Generex Biotechnology Corporation (EIN #98-0178636), any of the Debtors' Subsidiaries, or Debtor's Majority-Owned Subsidiaries, for the time period of April 22, 2018 through present.

    e.   For purposes of this request, "Additional Documentation" means bank supporting documents that include but not limited to deposit slips with underlying support, complete copies of all canceled checks (front and bank), wire and transfer

confirmations, debit memos and withdrawals with underlying support, credit memos with underlying support, and ACH settlement transaction history report containing complete beneficiary or originator, their account number, and the banking institution.

## IV. TRUSTEE HAS EXHAUSTED ALTERNATIVE MEANS OF OBTAINING THE EVIDENCE

Trustee has endeavored to obtain this discovery voluntarily through RBC and the Debtor's corporate representatives, as well as Debtor's professional auditors, but those efforts have not been successful. To date, Trustee has been unable to obtain complete records for any of the Debtor's, or its subsidiaries', bank accounts at RBC. The Trustee has subpoenaed the former CEO of Debtor, Joseph Moscato, who was the only person known to have access to Debtor's bank accounts, but he is recently deceased. Upon inquiry from the Trustee, no other former officers or directors of Debtor have admitted to having access to the Debtor's bank accounts at RBC.

## V. ENFORCEMENT OF THE LETTERS ROGATORY WOULD NOT BE CONTRARY TO PUBLIC POLICY

The request calls for the Superior Court of Ontario to authorize document production of an entity that has been identified as a financial institution with which Debtor banked and that has records relating to the assets and liabilities of Debtor. This request does not require anything from the bank which could not be required in a Ontario proceeding and the request does not violate public policy.

## VI. THE SCOPE OF THE DOCUMENT REQUEST IS SPECIFIC

The scope of the document request is specific and narrowly tailored only to accounts in which Debtor or its wholly-owned, or majority-owned subsidiaries held an interest. The request identifies specific known accounts as well.

## VII. THE ENFORCEMENT OF THESE LETTERS ROGATORY WILL NOT BE UNDULY BURDENSOME FOR THE BANK

This request calls for the Superior Court of Ontario to authorize the Trustee to obtain bank records for accounts of a debtor in an American bankruptcy proceeding. This request is not unduly burdensome in comparison to what would be required of a witness in a Ontario proceeding, and does not violate the Ontario rules of proportionality.

## VIII. SPECIAL RIGHTS OF WITNESSES PURSUANT TO FLORIDA LAW

A witness has the following rights under the laws of the State of Florida:

- A witness has the right, not applicable here, to refuse to give evidence if disclosure of the evidence would reveal a confidential communication between the witness and his/her legal counsel or the representative of his/her legal counsel that was made for the purpose of obtaining legal advice;

- A witness may also enjoy a limited privilege, not applicable here, as to communications with his or her spouse, physician, psychotherapist, clergy, and tax advisor;

- A witness has the right against self-incrimination; and,

- There are limited immunities available to a witness that may restrict the giving of certain evidence such as trade secrets and the work product of parties created during or in the anticipation of litigation.

7

No privileges or immunities have been asserted as to the evidence requested by these Letters Rogatory, and, therefore, this Court has not ruled on the existence of any of the aforementioned privileges or immunities. Here, the evidence sought from RBC relates to the financial affairs of the Debtor and its subsidiaries, and no immunities or privileges attach to such evidence.

### IX. SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED

The Court respectfully requests that the following methods or procedures be followed:

- any electronic documents be produced by email, on a flashdrive or CD in pdf format.
- the requested documents be produced no more than 10 days following an Order recognizing this Letters Rogatory.

### X. NOTICE

This Court specifically requests that the following individuals be notified of the time and place of the production of documents and supplies the identity and address of the persons to be notified:

Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
AKERMAN LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Tel: 561-653-5000 / Fax: 561-659-6316

Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700 / Fax: 954-463-2224

## XI. RECIPROCITY

The Courts for the United States are authorized by statute, Section 1782, Title 28 of the United States Code, to extend similar assistance to foreign courts. The United States Bankruptcy Court for the Southern District of Florida would be willing to provide similar assistance to the Courts of Canada.

## XII. GUARANTEE FOR COSTS

The Trustee undertakes to guarantee the payment of the reasonable costs of compliance incurred in executing this United States Bankruptcy Court for the Southern District of Florida's Letters Rogatory.

###

Submitted by:
Amanda Klopp, Esq.
**AKERMAN LLP**
777 S. Flagler Drive Suite 1100
West Palm Beach, Florida 33401
Telephone: 561-653-5000
amanda.klopp@akerman.com

Attorney Klopp is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.