

**ORDERED in the Southern District of Florida on January 19, 2024.**



          **Peter D. Russin, Judge**
          **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 7 |
| GENEREX BIOTECHNOLOGY CORP, | Case No. 22-bk-13166-PDR |
| Debtor. _____/ | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SALE OF ASSETS OF ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**
(Deadline for Specified Entities to Object: 21 Days from Entry of Order)

THIS MATTER came before the Court for hearing on January 4, 2024 at 10:00 a.m. ("Hearing"), upon the motion (the "Motion") (ECF No. 195) of Marc Barmat, Chapter 7 Trustee ("Trustee") of Generex Biotechnology Corp. (the "Debtor") seeking the entry of an order approving the sale of certain assets of the Debtor pursuant to the APA[1] annexed as Exhibit 1 to the Motion, free and clear of all liens, claims, encumbrances, and interests of any kind. The

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

Court, having reviewed the Motion, having heard arguments of counsel, and being otherwise fully advised in the premises, for the reasons stated on the record, the Court hereby:

**FINDS AND DETERMINES THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.[2]

B. The Court has jurisdiction over this matter and over the property of the Debtor pursuant to 28 U.S.C. §§ 157(a) and 1334, venue is proper in this district pursuant to 28 U.S.C. § 1408, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).

C. The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, and 363 and Federal Rule of Bankruptcy Procedure 6004.

D. Good and sufficient notice of the relief sought in the Motion has been given in accordance with Bankruptcy Rule 2002, and no other or further notice is or shall be required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties-in-interest.

E. Based on available public records, Debtor may own equity in twenty-five (25) subsidiaries:

1. Generex Pharmaceuticals, Inc.
2. 1097346 Ontario, Inc.
3. Generex (Bermuda), Inc. (or LLC)
4. Rapid Medical Diagnostics Corporation
5. High Desert Diagnostic Laboratory, Inc.
6. Nugenerex Diagnostics, Inc.
7. GNBTELC, LLC
8. NuGenerex Distribution Solutions, LLC
9. Nugenerex Distribution Solutions 2, LLC
10. Nugenerex Management Services, Inc.
11. Pantheon F & A, LLC
12. Nugenerex Surgical Holdings, LLC
13. NuGenerex Health, LLC

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

    14. NuGenHealth, LLC
    15. NuGenerex HMO, LLC
    16. NuGenerex MSO, LLC
    17. NuGenerex Medical Marketing, LLC
    18. Nugenerex Therapeutics Holding, LLC
    19. Regentys Corporation
    20. GH Care, Inc. d/b/a ALTuCELL
    21. ALTuCELL, Inc.
    22. NuGenerex DME Holdings, LLC
    23. DMEiq, LLC d/b/a DME-IQ
    24. Rapport Services, LLC
    25. NMSIELC, LLC

(collectively, the "Specified Entities").

    F.    Additionally, as disclosed in its public filings, Debtor may own an interest in intellectual property that was not conveyed in the previous sale, including specifically, potentially a buccal delivery technology.

    G.    The Trustee has proposed an APA with the Purchaser to purchase all remaining and unadministered assets of the Estate, including, but not limited to, any right, title, and interest that the Debtor has in all of the issued and outstanding equity and debt securities of the Specified Entities and all intellectual property of Debtor, as specified in Schedule A of the APA (the "Property"). The Property does not include the assets specified on Schedule B of the APA, any administered assets, and any cash and cash equivalents owned by Debtor or its subsidiaries, including funds in the bank accounts of the estate, the Debtor, or its subsidiaries, any portion of unused retainers paid by Debtor, the Purchase Price, and any records of the estate ("Excluded Assets").

    H.    The marketing of the Property, and sale process that was conducted by the Trustee was fair and reasonable under the circumstances.

I. Based on the proffers at the Hearing, the APA was proposed and entered into by the Trustee and Purchaser without collusion, in good faith, and from arm's length bargaining positions. The Purchaser is a purchaser in good faith under 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded thereby. The Trustee and the Purchaser are proceeding in good faith, and the sale contemplated herein is being proposed in good faith.

J. The Purchaser is unrelated to the Trustee, the U.S. Trustee, the Court, or any of Debtor's current or former management, officers or directors.

K. There is a sound business justification for the sale of the Property, and the Purchase Price is fair and reasonable.

L. A sale pursuant to 11 U.S.C. § 363(b) and (f) is the only current viable alternative for preserving and capturing the value of the Property for the benefit of the Debtor's estate.

M. The APA and the transactions thereunder or in connection therewith are not being entered into to escape liability for the estate's debts.

N. The Trustee's review of available public records indicates that there does not appear to be any potential claims, liens, interests and other encumbrances relating to the Property.

O. Any potential claims, liens, interests, and encumbrances shall attach to the proceeds of the sale of the Property in the order of their priority, with the validity, force, and effect that they had as of the Petition Date, if any, against the Property, subject to the rights, claims, defenses and objections of the Trustee and all interested parties with respect to such liens, so that the Purchaser of the Property shall take the Property free of all the potential claims, liens, interests and other encumbrances.

P.       Accordingly, the sale of the Property free and clear of all liens, claims, interests, and encumbrances (except as stated) is appropriate pursuant to 11 U.S.C. § 363(f)(2).

Therefore, the Court **ORDERS AND ADJUDGES THAT**:

1.       The Motion (ECF 195) is **GRANTED** as set forth herein.

2.       All interested parties other than the Specified Entities are deemed to consent to the Motion and the sale of the Property to Purchaser.

3.       The Trustee shall serve a copy of this Order on the last known address of the Specified Entities reflected in Debtor's records, or if none, any other address available on the corporate registration records. The Specified Entities shall have a period of 21 days from the service of the Motion and this Order to object to the sale. If a timely objection is filed by the Specified Entities within 21 days of the entry of this Order, a hearing shall be held. Any Specified Entity that does not file a written objection to the Motion or this Order within 21 days of service of the Motion and this Order on them, is deemed to consent to the sale of the Debtor's Property to the Purchaser.

4.       The APA is hereby **APPROVED**.

5.       Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell, assign, transfer, and convey to the Purchaser or its designee, successor, or assigns all of the right title and interest of the Trustee and the bankruptcy estate in and to the Property in accordance with the APA. Notwithstanding the description of the Property in the APA, the Property does not include the Excluded Assets.

6.       The Trustee and the Purchaser or its designee, successor, or assigns are hereby **AUTHORIZED** to execute, deliver, perform, consummate, implement, and carry out the actions reasonably necessary to consummate and carry out the APA.

7. Upon payment of the Purchase Price, the transfer of the Property shall be a legal, valid, and effective transfer and shall vest the Purchaser with all of the Trustee's and the bankruptcy estate's right, title, and interest in same.

8. The provisions of this Order shall be binding upon and inure to the benefit of the Purchaser and the Trustee and their respective successors and assigns. No third parties are intended to be or shall be deemed to be third party beneficiaries of this Order.

9. Regardless of the sale of Property, the Trustee shall not be obligated to transfer any documents that were in the possession of the Debtor, its subsidiaries, or the Trustee, other than documents previously made available to Purchaser.

10. The sale and transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale and any transactions related to the sale shall not affect the validity of the sale to the Purchaser or its assigns, unless such authorization is duly stayed pending such appeal consistent with 11 U.S.C. § 363(n). The Purchaser is a purchaser in good faith and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

11. Pursuant to 11 U.S.C. § 363(f)(1), and except as otherwise provided herein, upon entry of this Order and compliance with the requirements to close set forth herein and in the APA, the transfer of the Debtor's right, title, and interests in the Property to the Purchaser is, in all respects, free and clear of all liens, claims, interests or encumbrances of any kind or nature whatsoever.

12. Any liens, claims, interests, or encumbrances which may exist on the Property shall attach to the net proceeds of the sale of the Property in the order of their priority, with the

validity, force and effect that they now have, if any, against the Property, subject to the rights, claims, defenses and objections of the Trustee and all interested parties with respect to such liens, claims, interests, or encumbrances.

13. The Purchaser is authorized to execute any document necessary to release, extinguish, discharge, or avoid any liens, claims, interests, or encumbrances any party continues to assert against the Property subsequent to the entry of this Order and the closing of the sale, in the event the holder of such lien, claim, interest or encumbrance, does not execute the appropriate termination.

14. The Purchaser is authorized to obtain any further order from this Court to release, extinguish, discharge, or avoid any liens, claims, interests or encumbrances any party continues to assert against the Property, or the Purchaser, subsequent to the entry of this Order.

15. All persons and entities asserting liens, claims, interests or encumbrances against the Property are hereby enjoined from continuing to assert such liens, claims, interests or encumbrances against the Property or the Purchaser subsequent to the entry of this Order.

16. All other terms and conditions set forth in the APA are incorporated herein by reference. The failure to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety, as set forth herein.

17. Subject to the terms of this Order and the APA, the Trustee is authorized and directed to execute, deliver, receive, exchange and record any and all documents and instruments necessary to effectuate the sale and transfer of the Property pursuant to the terms of the APA.

18. The Trustee has full power and authority and the Trustee is instructed to execute the documents contemplated in the APA including without limitation any conveyance deeds and

bill of sale, together with any other documents as may reasonably be required to implement and consummate the sale of the Property by the Trustee to the Purchaser and the transactions contemplated under the APA, which actions have been duly and validly authorized by the Trustee, and the Trustee has all the power and authority necessary to consummate the transactions contemplated in this Order.

19. Any and all transfer agents are instructed to execute such documents necessary to complete the sale of the Property contemplated in the APA, including to register the shares in the name of the Purchaser or the Purchaser's nominee.

20. Each and every federal, state, local, municipal, or other governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the sale, the APA, and this Order.

21. The Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments and modifications thereto, and of each of the agreements executed in connection therewith in all respects through and after the Closing Date, including, but not limited to, retaining jurisdiction to: a) subject to the terms and conditions of the APA and this Order, compel delivery of the Property to the Purchaser or its assigns; b) compel delivery of the Purchase Price by the Purchaser, or its assigns, or performance of other obligations of the Purchaser, or its assigns, contained in the APA; c) compel performance of all obligations of the Trustee or Purchaser contained in the APA; d) resolve any disputes arising under or related to the APA, except as otherwise provided therein; and e) interpret, implement, and enforce the provisions of this Order, including this paragraph.

22. The Court expressly waives the stay requirement enumerated in Federal Rule of Bankruptcy Procedure 6004(h) such that entry of this Order shall not be subject to an automatic

fourteen (14) day stay and such that this Order is effective immediately. Notwithstanding the possible applicability of Federal Rule of Bankruptcy 7062, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23. The Trustee shall immediately serve a copy of this Order and the APA pursuant to Bankruptcy Rules 6004(a), (c), and 2002(a)(2) upon: a) the Office of the United States Trustee; b) all creditors of the Debtor listed in the schedules or that have filed a proof of claim; c) all interest holders asserting a claim, lien, encumbrance or interest on or in the Debtor's assets; and d) all parties who have requested notices pursuant to Rule 2002.

# # #

Submitted by:

Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700
Fax: 954-463-2224

*Attorney Berger is directed to serve a conformed copy of this order on all interested parties.*