UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

In re:                                                                                                          Chapter 7

GENEREX BIOTECHNOLOGY CORP,                                        Case No. 22-13166-PDR

      Debtor.
_____/

**SUMMARY OF SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF (I) COMPENSATION AND (II) REIMBURSEMENT OF EXPENSES
FOR AKERMAN LLP, GENERAL BANKRUPTCY COUNSEL TO THE
CHAPTER 7 TRUSTEE, FOR THE PERIOD OF AUGUST 1, 2023 TO OCTOBER 31, 2024**

1. Name of Applicant: Akerman LLP

2. Role of Applicant: General Bankruptcy Counsel for the Trustee

3. Name of Certifying Professional: Eyal Berger, Esq.

4. Date Case Filed: April 23, 2022

5. Date of Retention Order: July 19, 2022 *effective as of* June 7, 2022

   **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:**

6. Period for this Application: August 1, 2023 through and including October 31, 2024

7. Amount of Compensation Sought: $189,827.50

8. Amount of Expense Reimbursement Sought: $7,008.45

   **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:**

9. Total Amount of Compensation Sought: $

10. Total Amount of Expense Reimbursement Sought during case: $

11. Amount of Original Retainer(s). Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received: N/A

12. Current Balance of Retainer(s) remaining: N/A

13. Last monthly operating report filed (month/Year and ECF No.): N/A

78772023;3

14. If case is Chapter 11, current funds in the Chapter 11 estate:  N/A

15. If case is Chapter 7, current funds held by Chapter 7 trustee:  $3,114,625.35

**COMPLETE THE ATTACHED CHART.  PLEASE INCLUDE THE INFORMATION FOR EACH PRIOR APPLICATION FILED WITH THE COURT:**

### HISTORY OF FEES AND EXPENSES

1. Dates, sources and amounts of retainers received:

| Dates | Sources | Amounts | For Fees or Costs? |
|---|---|---|---|
| N/A | | | |

2. Dates, sources and amounts of third party payments received:

| Dates | Sources | Amounts | For Fees or Costs? |
|---|---|---|---|
| N/A | | | |

3. Prior Fee and Expense Awards:

*First Interim Fee Application, Order and Amended Order (ECF Nos. 172, 181 and 186)*
*Dates covered by application:  June 14, 2022 – July 31, 2023*
*Date of award:  September 22, 2023 and September 29, 2023[1]*

| | | |
|---|---|---|
| Amount of fees requested | $272,629.00 | |
| Amount of expenses requested | | $8,384.26 |
| Amount of fees awarded | $218,103.20 | |
| Amount of expenses awarded | | $8,384.26 |
| Amount of fee retainer authorized to be used | n/a | |
| Amount of expense retainer authorized to be used | | n/a |
| Amount of fees requested but not awarded, that applicant wishes to defer to final application | $54,525.80 | |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |
| Fee award, net of retainer | n/a | |
| Expense award, net of retainer | | n/a |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |

---

[1] The Court entered an Amended Order authorizing the disbursement of professional fees requested and awarded, but held back 20% of requested fees, pursuant to ECF No. 186.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

In re:                                                                                    Chapter 7

GENEREX BIOTECHNOLOGY CORP,                          Case No. 22-13166-PDR

      Debtor.
_____/

**SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF (I) COMPENSATION AND (II) REIMBURSEMENT OF EXPENSES FOR AKERMAN LLP, GENERAL BANKRUPTCY COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE PERIOD OF AUGUST 1, 2023 TO OCTOBER 31, 2024**

Eyal Berger Esq. and the law firm of Akerman LLP ("Akerman" or "Applicant"), as general bankruptcy counsel to Marc P. Barmat, the Chapter 7 Trustee (the "Trustee") for the Estate of Generex Biotechnology Corp. (the "Debtor"), file their second interim fee application (the "Application") seeking an award of compensation for services rendered and reimbursement of expenses incurred for the period of August 1, 2023 to October 31, 2024 (the "Application Period").

The Applicant submits this Application, pursuant to Sections 327, 328, 330, 503(b) and 506(c) of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines"). In accordance with Local Form 89 and the Guidelines, the following exhibits are annexed to this Application:

      Exhibit "1" – Fee Application Summary Chart

      Exhibit "2-A" and "2-B" – Summary of Professional and Paraprofessional Time

      Exhibit "3" – Summary and Breakdown of Requested Reimbursements of Expenses and Disbursements.

3

78772023;3

> Exhibit "4" – The Applicant's complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized to the tenth of an hour.

Applicant seeks payment of compensation for services rendered in the sum of $189,827.50 for 397.7 hours billed[2] and reimbursement of expenses in the amount of $7,008.45[3] advanced by Applicant for a total sum of $196,835.95.

Applicant expended a total of 397.7 hours during the Application Period, rendering necessary and beneficial legal services. Exhibit "1" is the fee application summary chart reflecting the prior applications filed by Trustee and the fees and costs approved. Exhibit "2-A" contains a list of Applicant's professionals and paraprofessionals who have provided services during the Application Period, the hourly rate charged by each, and a summary of time expended by each. Exhibit "2-B" contains a summary of professional and paraprofessional time by activity code as required by, and in compliance with, the Guidelines. Exhibit "3" contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, for which the Applicant seeks reimbursement in accordance with the Guidelines. The expenses and disbursement summarized in Exhibit "3" are those which Applicant typically would invoice to its non-bankruptcy clients. Exhibit "4" contains a daily description of the services rendered and the hours expended by the various attorneys and paralegals of the Applicant who performed services in this case. The Applicant has prepared Exhibit "4" based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paralegals.

---

[2] There is a substantial hourly rate discount in the aggregate amount of $16,587.50 for the discounted hourly rates provided by the following professional: Eyal Berger reduced from $690 to $550 and for work by professionals was not charged.

[3] Akerman also provided the Bankruptcy Estate a material discount on reimbursement of costs as it has not sought reimbursement for postage paid by Akerman and copies made by Akerman in conjunction with serving all the required filings on behalf of the Trustee in this case.

78772023;3

**CASE BACKGROUND**

On April 23, 2022 (the "Petition Date"), an involuntary petition was commenced against the Debtor pursuant to Chapter 7 of the Bankruptcy Code [ECF No. 1]. On June 7, 2022, subsequent to the entry of an Order for Relief, Marc P. Barmat was appointed as the Chapter 7 Trustee for the Debtor's Estate [ECF No. 18].

**APPLICANT'S RETENTION**

On July 19, 2022, the Court entered an Order [ECF No. 36] approving the Trustee's *Application to Employ Eyal Berger, Esq. and the Law Firm of Akerman LLP as General Bankruptcy Counsel Effective as of June 7, 2022 [ECF No. 21]* (the "Retention Order"). The Retention Order provides that the "Trustee is authorized to retain Eyal Berger and Akerman LLP as general bankruptcy counsel on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330."

**DESCRIPTION OF SERVICES**

As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines.

**Asset Analysis and Recovery (501)**

Applicant reviewed the Debtor's books and records and various pleadings filed by and against the Debtor related to the Debtor's pre-petition interaction with various third parties. Applicant solicited both formal and informal discovery from the Debtor's former professionals, the Debtor's banks, the Debtor's former auditors, the Debtor's officers and directors, and various financial institutions that transacted with the Debtor for the purposes of identifying all assets that the Debtor's estate maintains a legal or equitable interest pursuant to 11 U.S.C. Section 541 and analyze all claims the Trustee can pursue pursuant to Chapter 5 of title 11 of the United States Code. As a result of Applicant's efforts, the Trustee was able to identify dozens of transfers to various third parties that the Trustee has pursued to recover on behalf of the Debtor's estate through

both pre-suit demands and various adversary proceedings filed with this Court. In addition, the discovery obtained by Applicant is also being reviewed by the Trustee's special litigation counsel for the purposes of identifying and pursuing potential litigation claims on behalf of the Debtor's estate against Debtor's former professionals.

Applicant expended a total of 215.8 hours in this category and is requesting the total sum of $98,762.50 for the services rendered for this category.

**Asset Disposition  (502)**

Applicant spent significant efforts identifying and procuring the most cost effective manner to market and sell the Debtor's estate's remaining equity interests in various subsidiaries that after lengthy attempts at marketing and sale yielded no viable offers from any interested parties. Applicants efforts included multiple meetings with prior prospective bidders and negotiation with two parties related to a private sale of the remaining assets.  As a result of Applicant's efforts, the Trustee realized an additional $10,000 for the Debtor's estate and obtained the disallowance of the largest claim against the Debtor's estate in the amount of $55,100,000.  In addition, Applicant's efforts removed from the Debtor's estate the disposition costs of various tangible and intangible assets related to the Debtor's interest in the various entities conveyed to the purchaser thereby reducing the administrative expenses associated with same.  Applicant assisted the Trustee in obtaining the approval of the sale of Debtor's equity interests to the purchaser by drafting the proposed sale order and all closing documents and by preparing and attending the final sale hearing to approve the sale to the purchaser.  In addition, Applicant assisted in noticing all of Debtor's subsidiaries as to the sale in various domestic and foreign venues. Finally, Applicant assisted in redacting certain private healthcare information of various individuals that was commingled with

78772023;3

the books and records of the Debtor and certain of Debtor's subsidiaries in accordance with applicable federal and state healthcare regulations.

Applicant expended a total 35.6 hours in this category and is requesting the total sum of $20,362.50 for the services rendered for this category.

### Case Administration (504)

Applicant also assisted the Trustee related to the Trustee's compliance with certain third party subpoena discovery sought to be propounded from the Trustee and those efforts are ongoing as of the date of this Application and continuing to address various inquiries by creditors of the Debtor's estate. Applicant also assisted in propounding certain letters rogatory to obtain discovery from third parties located in Canada. As a result of Applicant's efforts, the Trustee was able to receive a production of additional records related to Debtor's pre-petition operations from parties located in Canada. In addition, Applicant assisted in the obtaining execution copies of various settlement agreements reached with various transferee defendants in resolution of various Chapter 5 claims.

Applicant expended a total of 16.9 hours in this category and is requesting the total sum of $6,574.50 for the services rendered for this category.

### Claims Administration And Objections (505)

Applicant reviewed various claims related to breaches of equity agreements related to potential objections on the basis of recharacterization and advised Trustee on certain legal issues related to same. In addition, Applicant analyzed legal authority in support of disallowance of claims pursuant to 11 U.S.C. Section 502(d).

Applicant expended a total of 23.3 hours in this category and is requesting the total sum of $12,710.00 for the services rendered for this category.

78772023;3

### Fee/Employment Applications (509)

Applicant drafted and filed the first interim application for Applicant and prepared for and attended the hearing for approval of same. Applicant assisted the Trustee in retaining Canadian counsel to serve letters rogatory for discovery on various Canadian parties. As a result of Applicant's efforts, the Applicant's first interim fee application was approved and the Trustee was able to retain Canadian counsel to complete the letters rogatory.

Applicant expended a total of 10.1 hours in this category and is requesting the total sum of $5,377.50 for the services rendered for this category.

### Relief From Stay Proceedings (514)

Applicant reviewed local rules for joint stipulation to lift automatic stay to potentially close certain pending arbitrations.

Applicant expended a total of 0.3 hours in this category and is requesting the total sum of $112.50 for the services rendered for this category.

### Avoidance Litigation (530)

Applicant assisted Trustee in investigating, pursuing, and drafting 29 adversary proceedings to recover various avoidance claims against various transferee defendants. As of the date of this Application, Applicant has successfully resolved 18 of the 29 pending adversary proceedings and projects resolving all but 4 adversary proceedings prior to the omnibus pre-trial conference set for January 15, 2025. As a result of Applicant's efforts the Debtor's estate has recovered in excess of $100,000 and obtained releases of potential claims against the Debtor's estate that exceed $20,000.

Applicant expended a total of 82.8 hours in this category and is requesting the total sum of $40,560.00 for the services rendered for this category.

### Adversary (537)

Applicant assisted the Trustee in responding to discovery related to Oasis malpractice claim associated with delayed perfection of security interest. Applicant assisted Trustee in finalizing judgment avoiding Oasis lien to facilitate sale of Debtor's remaining equity interests.

Applicant expended a total of 6.7 hours in this category and is requesting the total sum of $2,770.50 for the services rendered for this category.

### General Probate Matter (551)

Applicant prepared various Caveats to perfect the Debtor's estate's claims in the probate estate of Debtor's former Chief Executive Officer. As a result of Applicant's efforts the Debtor's estate preserved all claims against the probate estate.

Applicant expended a total of 6.0 hours in this category and is requesting the total sum of $2,597.50 for the services rendered for this category.

### Due Diligence (558)

Applicant expended a total of 0.2 hours in this category and is requesting the total sum of $0.00 for the services rendered for this category.

### EVALUATION OF SERVICES RENDERED

The Application has presented the nature and extent of the professional services rendered by Applicant for which compensation is sought. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with these cases.

*American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.),* 544 F.2d 1291 (5th Cir. 1977), *cert. denied,* 431 U.S. 904 (1977), enumerates the factors a bankruptcy court should

78772023;3

evaluate in awarding fees. They are addressed as relevant to this matter below. Applicant believes that the requested fees are fair and reasonable considering the factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *First Colonial.*

**1.     Time And Labor Required**

The foregoing summary, together with the Exhibits attached hereto, details the time, nature and extent of the professional services Applicant rendered during the period covered by this Application. The hours expended evidence the extensive time devoted to this matter by Applicant with respect to various legal issues which have arisen in this case during the period covered by this Application.

**2.     The Novelty And Difficulty Of The Service**

The legal questions arising in the representation of the Trustee in regards to the litigation of the avoidance claims and breach of fiduciary duty claims are not novel or difficult, but they did require the exercise of skillful application of Bankruptcy Code provisions and applicable non-bankruptcy law relating to the causes of action raised against Debtor's former owners and directors, professionals, and various third party transferees.

**3.     The Skill Requisite To Perform The Services Properly**

In order to perform the legal services enumerated herein properly, substantive legal knowledge in the fields of bankruptcy, commercial law, intellectual property law, healthcare regulations, and debtor/creditor rights was required. Akerman has extensive experience in these areas and is highly qualified to serve as counsel to the Trustee.

4. **The Preclusion Of Other Employment By The Professional Due To The Acceptance Of The Case**

Akerman is aware of no other specific employment which was precluded as a result of its accepting these cases. However, the efforts of Akerman were devoted to these cases and Akerman was unable to devote that time to other matters, therein preventing Akerman from billing and collecting fees in other cases.

5. **The Customary Fee**

The rates[4] charged by Applicant as set forth in Exhibit I-A are customary for attorneys within the Southern District of Florida of similar skill and reputation.

For services of the type rendered herein where those services were performed for a private client, Applicant would charge a reasonable fee for services rendered, on an hourly rate or, in addition, a contingent or fixed fee basis. The fees requested by Applicant are comparable to those fees which would be charged to a private client for similar services rendered by Applicant.

The rates charged by the participating attorneys and paraprofessionals, as set forth in the Exhibits are well within the range charged by attorneys in the Southern District of Florida of similar skill and reputation in the area of bankruptcy and commercial law. Furthermore, there is no agreement between Applicant and any other person for sharing compensation which may be awarded in this case.

6. **Whether The Fee Is Fixed Or Contingent**

Applicant's compensation is not fixed, as it is subject to the sufficiency of the estate to compensate Applicant for its services. It is not contingent in the classic sense whereby compensation will only be given if Applicant is successful in recovering money for general

---

[4] See footnote 1 reflecting reduced rates negotiated by Trustee for this engagement.

unsecured creditors; however, it is contingent in the sense that it is subject to the availability of unencumbered funds and this Court's approval.

7. **Time Limitations Imposed By The Client Or Other Circumstances**

Applicant has worked diligently to meet the deadlines imposed by the Bankruptcy Code and this Court and has acted quickly and efficiently in the administration of the pending litigation.

8. **Experience, Reputation And Ability Of Applicant**

Akerman is an established law firm having substantial experience in bankruptcy and commercial law, litigation, and real estate matters. Applicant is familiar with the issues arising during the pendency of this action, and has dealt with similar legal questions in the past.

9. **The Undesirability Of The Case**

Applicant did not and does not find it undesirable to represent Trustee.

10. **The Nature And Length Of The Professional Relationship With The Client**

Applicant commenced representing the Trustee in June 7, 2020, and has represented and currently represents the Trustee in other unrelated matters.

11. **Awards In Similar Cases**

The amount requested by Applicant is not unreasonable in terms of awards in cases of like magnitude and complexity. The fees required by Applicant comport with the mandate of the Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.

12. **Benefit To The Estate**

Applicant provides a benefit to this estate by advising the Trustee in administering this estate, which representation has resulted in the disallowance of substantial claims against the Estate and recovery of substantial sums by the Trustee.

Based on the standards set forth in Section 330 of the Code and *First Colonial*, the Applicant believes that it is entitled to receive the fair and reasonable value of the services it rendered during the period covered by this Application.

**WHEREFORE**, the Applicant respectfully requests the Court to enter an order (i) authorizing a second interim award in the amount of which is comprised of (i) $189,827.50 as compensation for services rendered during the Application Period; (ii) $7,008.45 as reimbursement for actual and necessary expenses incurred during this Application Period, and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  November 20, 2024                    Respectfully submitted,

By: /s/ *Eyal Berger*
Eyal Berger, Esq.
Florida Bar No. 11069
Email:  eyal.berger@akerman.com
Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel:  954-463-2700
Fax: 954-463-2224
*Counsel for Marc P. Barmat, Trustee*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 20, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: /s/ *Eyal Berger*
Eyal Berger, Esq.

78772023;3

## CERTIFICATION

1. I have been designated by Akerman LLP ("Akerman") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2. I have read Akerman's Application for Compensation and Reimbursement of Expenses (the "Application"). The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Akerman and generally accepted by the Akerman's clients.

4. In seeking reimbursement for the expenditures described on Exhibit "2," Akerman is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Akerman has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, Akerman is seeking reimbursement only for the amount actually paid by the Application to third party.

6. The following are the variances with the provisions of the Guidelines, the date of each Court Order approving the variance, and the justification for the variance: NONE.

Dated: November 20, 2024

Respectfully submitted,

By: /s/ *Eyal Berger*
Eyal Berger, Esq.
Florida Bar No. 11069
Email: eyal.berger@akerman.com
Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
AKERMAN LLP
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Tel: 954-463-2700 /Fax: 954-463-2224
*Counsel for Marc P. Barmat, Trustee*

78772023;3